# EXHIBIT A

If you received an impartial hearing order concerning a special education student that required the New York City Department of Education to take action or make a payment, you may be entitled to payment and/or educational services through a proposed class action settlement. To get a copy of the Settlement Notice in your language, call 1-800-918-8061.

إذا توصلتم بطلب جلسات الاستماع المحايدة، متعلق بتلميذ يتلقى التعليم لذوي الاحتياجات الخاصة، والذي يتطلب من إدارة التعليم لمدينة نيويورك اتخاذ إجراء أو تأدية حساب، فقد يخول لكم استحقاق الأداء و/أو الخدمات التعليمية عبر تسوية مقترحة لقضية جماعية. للحصول على نسخة من إشعار التسوية باللغة العربية، يتعين عليكم الاتصال بالرقم التالي: 1-800-918-8061.

বিশেষ শিক্ষার শিক্ষার্থী সংক্রান্ত নিরপেক্ষ শুনানির আদেশ অনুযায়ী যদি নিউ ইয়র্ক সিটি ডিপার্টমেন্ট অব এডুকেশনের পক্ষ থেকে কোন পরিষেবা বা অর্থ-কড়ি দেয়ার রায় পেয়ে থাকেন, তাহলে আপনি একটি সমঝোতা প্রস্তাবের আওতায় অর্থ-কড়ি কিংবা শিক্ষাগত পরিষেবা পেতে পারেন। সমঝোতা প্রস্তাবের বাংলা কপি পেতে হলে 1-800-918-8061 নম্বরে ফোন করুন।

如果您收到關於某位特殊教育學生的一項要求紐約市教育局採取行動或付款的聽證會指令，您或許有權透過一項所建議的集體訴訟和解協議而獲得付款和/或教育服務。如要獲得一份中文的「和解協議通知」（Settlement Notice），請致電 1-800-918-8061。

Si yo voye ba w yon Manda pou w konparèt pou yon odyans sanpatipri osijè yon elèv Edikasyon espesyal ki egzije Depatman Edikasyon vil Nouyòk *New York City Department of Education* (NYCDOE) pran kèk mezi oswa fè yon peman, ou ka gen dwa pou yo peye w ak/oswa pou yo ofri w sèvis edikatif dapre dispozisyon yon antant yo pwopoze pou satisfè yon gwoup moun ki te fè pwosè. Pou w jwenn yon kopi "Avi sou antant yo pwopoze pou satisfè yon gwoup moun ki te fè pwosè" an kreyòl ayisyen, telefone 1-800-918-8061.

귀하께서 뉴욕시 교육청에서 조치를 취하거나 대금을 지불할 의무가 있는 특수교육 대상 아동과 관련하여 공청회 판결 통지서(impartial hearing order)를 받으셨다면, 귀하께서는 현재 건의 중인 집단 소송 합의 결과에 의거해 비용을 지불 받거나 교육서비스를 받을 권리를 갖게 되실 수도 있습니다. 한국어로 된 소송 합의 통지서(Settlement Notice) 사본을 원하시면, 1-800-918-8061 로 전화 주시기 바랍니다.

Если вы получили уведомление о независимом слушании относительно учащегося с инвалидностью, которое обязывает Департамент образования г. Нью-Йорка к принятию мер или произведению оплаты, вы, возможно, имеете право на оплату и/или учебное обслуживание на основании решения, принятого по коллективному иску (class action settlement). Для получения копии решения на русском языке звоните по телефону 1-800-918-8061.

Si usted recibió una orden de audiencia imparcial sobre un estudiante de educación especial que disponía que el Departamento de Educación de la Ciudad de Nueva York tomara medidas o hiciera un pago, puede que tenga derecho a recibir pago y/o servicios educativos a través de un acuerdo propuesto a una acción colectiva. Para obtener una copia de la notificación del acuerdo en español, llame al 1-800-918-8061.

اگر آپ کو ایک خاص تعلیم حاصل کرنے والے طالبِ علم، جنہوں نے نیو یارک شہر کے محکمہ تعلیم سے عمل درآمد کرنے یا ادائیگی کرنے کا مطالبہ کیا ہے، کے متعلق ایک غیر جانبدارانہ سماعت کا حکم ملا ہے تو ممکن ہے کہ آپ پروپوزڈ کلاس ایکشن سیٹلمینٹ کے ذریعے ادائیگی یا اور تعلیمی سہولیات کے مستحق ہوں۔ اس سیٹلمینٹ کے نوٹس کی کاپی اردو میں حاصل کرنے کے لیے 1-800-918-8061 پر رابطہ کریں۔

T&I-6952

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## IF YOU RECEIVED AN IMPARTIAL HEARING ORDER CONCERNING A SPECIAL EDUCATION STUDENT THAT REQUIRED THE NEW YORK CITY DEPARTMENT OF EDUCATION TO TAKE ACTION OR MAKE A PAYMENT, YOU MAY BE ENTITLED TO PAYMENT AND/OR EDUCATIONAL SERVICES THROUGH A PROPOSED CLASS ACTION SETTLEMENT.

- For people who received an impartial hearing order in New York City, on or after December 13, 2000 and on or before January 31, 2008, this proposed settlement may provide (i) the payment required by the impartial hearing order, (ii) repayment for education expenses you paid because the New York City DOE ("DOE") failed to follow the order, and/or (iii) a voucher for up to $8,000 (or, $15,000 in special circumstances) in educational services if the DOE failed to timely implement the order. The procedures for deciding the amount of any payment, voucher or reimbursement you may get under the terms of this proposed settlement are explained in the Stipulation and Agreement of Settlement. ("Stipulation").

- The proposed settlement resolves a lawsuit over whether the DOE failed to fully and timely take the actions required by impartial hearing officers' orders as a result of a lack of effective policies and procedures and failure to develop or maintain a system to effectuate the timely, efficient, and comprehensive implementation of orders.

- The proposed settlement seeks (1) to avoid risks to you from continuing the lawsuit, (2) pay for the cost of educational services for your child with disabilities (or you if you are over 21 and your parents received an impartial hearing order on your behalf), and (3) require the DOE to fully and timely implement impartial hearing orders in the future.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT

**YOU HAVE THE RIGHT TO:**

1. **ASK FOR A VOUCHER FOR EDUCATIONAL SERVICES, REPAYMENT FOR EDUCATIONAL SERVICES AND/OR PAYMENT OF ORDERS** – If you received one or more impartial hearing orders dated on or before January 31, 2008, complete and send in the claim form included with this notice.

2. **CHOOSE NOT TO PARTICIPATE** – Return the form included with this notice to say that you want to "opt-out" or not receive the voucher, reimbursement, or payment. If you opt-out, you will be free to pursue your individual legal claims concerning your impartial hearing order or orders dated on or before January 31, 2008. You cannot opt-out of the part of the proposed settlement that concerns systemic implementation of future impartial hearing orders, but you will have the right to pursue individual claims concerning future orders regardless of the actions you take in response to this notice.

3. **OBJECT** – Write to the Court about why you don't like the proposed settlement.

4. **GO TO A HEARING** – Ask to speak in court about the fairness of the proposed settlement.

- **If you do nothing**, you will not be able to receive a voucher or repayment for educational services and will also give up your right to pursue individual claims concerning any impartial hearing orders that are dated on or before January 31, 2008.

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the proposed settlement. Vouchers and payments will be issued if the Court approves the proposed settlement and after the procedures detailed in this notice are followed. Please be patient; it may take time to process claims received under the proposed settlement.

**QUESTIONS? CALL 1-800-918-8061 TOLL FREE, OR VISIT www.hearingordersettlement.com**

## BASIC INFORMATION

1. **What is this lawsuit about?**

In 2003, several parents of students with disabilities in New York City commenced this federal class action lawsuit alleging that the DOE did not fully and timely implement impartial hearing orders because of a lack of a system or effective policies and procedures to timely, efficiently, and comprehensively implement impartial hearing orders. Lead Plaintiffs filed the Complaint on December 13, 2003 and alleged that the DOE, the Board of Education, and Chancellor Joel Klein, in his individual and official capacity (collectively, the "Defendants") violated the due process clause of the 14th Amendment of the U.S. Constitution, the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.*, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and New York State Education Law §§ 4401 *et seq.*, and the regulations promulgated thereunder when they failed to fully and timely implement impartial hearing orders. Defendants have denied any liability, wrongdoing or violation concerning these allegations and asserted affirmative defenses.

2. **What is a class action?**

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims. The Class Representatives and all people who have similar claims are the "Class Members" or the "Class." One court resolves the issues for all Class Members except for any Class Members who properly exclude themselves from the Class. U.S. District Judge Richard Holwell is presiding over this class action. On September 15, 2005, the Court certified a class of individuals who had obtained, or would in the future obtain, a favorable impartial hearing order and whose order was not, or would be at risk of not being, fully and timely implemented.

3. **Why is there a proposed settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a proposed settlement that they believe is fair, adequate, and reasonable. That way, they avoid the cost of a trial, and the people affected will receive benefits sooner. The Class Representatives and their attorneys think the proposed settlement is in the best interests of all Class Members.

## WHO CAN GET PAYMENT AND/OR EDUCATIONAL SERVICES UNDER THE PROPOSED SETTLEMENT?

To see if you will receive payment and/or a voucher for educational services from this proposed settlement, you first have to determine if you are a Class Member.

4. **How do I know if I am part of the proposed settlement?**

The parties are requesting that Judge Richard Holwell approve the proposed settlement set forth in the Stipulation under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. Everyone who fits one or both of the following descriptions is a Class Member:

   I. *Everyone who, on or after December 13, 2000 and on or before January 31, 2008, has obtained a favorable order by an Impartial Hearing Officer against or stipulation of settlement placed on the record at an impartial hearing with the New York City DOE and failed to obtain full and timely implementation of such order or settlement (the "Compensatory Relief Subclass").*

   II. *Everyone who, on or after December 12, 2003, (1) obtained or obtains a favorable order by an Impartial Hearing Officer against or stipulation of settlement placed on the record at an impartial hearing with the New York City DOE and (2) failed or fails to obtain full and timely implementation of such order or settlement (the "Injunctive Relief Subclass").*

5. **I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for further clarification. You can call **1-800-918-8061**, visit **www.hearingordersettlement.com** or call Advocates for Children at **212-947-9779 ext. 577** for more information.

## THE PROPOSED SETTLEMENT – WHAT YOU WILL RECEIVE

6.      **What does the proposed settlement provide?**

In exchange for the release of the Class Members' systemic claims, the Defendants have agreed to the terms of a proposed settlement. Here is a brief summary of those terms:

**Relief to be Provided to the Injunctive Relief Subclass**

Beginning on the Effective Date, an Independent Auditor will look at the DOE's computer records and student files and will interview DOE staff to determine whether the DOE is fully and timely implementing orders. For the first six months beginning on the Effective Date, the DOE must fully and timely implement 75% of impartial hearing orders or the obligations contained in those orders. For the six months after the DOE satisfies that benchmark, the DOE must fully and timely implement 85% of impartial hearing orders or the obligations contained in those orders. Finally, for the following two years, the DOE must fully and timely implement 91.5% of impartial hearing orders or obligations. If the DOE succeeds in meeting these requirements, then the DOE will be released from the agreement. However, if the DOE fails to meet these requirements, then it will be required to create a Corrective Action Plan. If the DOE does not meet these requirements even after the Corrective Action Plan is followed, then the parties will appear before the Court to determine the appropriate course of action. Where the Independent Auditor determines that an impartial hearing order was not fully and timely implemented, then the Class Member will receive a letter notifying him or her of the Independent Auditor's determination. That letter will be sufficient to establish in court that the DOE failed to fully and timely implement the impartial hearing order, although the DOE may prove that it did in fact fully and timely implement the impartial hearing order.

**Relief to be Provided to the Compensatory Relief Subclass**

*Orders that Required the DOE to Provide Educational Services*

**Vouchers:** If the Class Member has an order that required the DOE to do something other than make a payment to a parent, private service provider or private school on or after December 13, 2000 and on or before January 31, 2008 and that order was not timely implemented, the Class Member may seek a voucher for educational services and assistive technology.

Generally, the Class Member will receive a voucher for $8,000 in educational services. If the impartial hearing order only required the DOE to provide one related service, the Class Member will receive a voucher for $4,000 in educational services. Also, if the DOE provided the Class Member with an invitation to access related services in the summer of 2004, the voucher will be reduced by $4,000 or 50%, whichever is less, unless the Class Member shows that he or she did not receive the invitation or had a reasonable justification for not using it. Finally, if the student was out of school for more that 45 of 60 days following the issuance of the impartial hearing order, then the voucher will be for $15,000 in educational services. Class Members will not receive vouchers if the student has received a Local or Regents diploma before January 31, 2008.

If a Class Member asks for a voucher, the DOE may try to prove that the Class Member's impartial hearing order was fully and timely implemented or that the student was not harmed or suffered minimal harm by the DOE's failure to fully and timely implement. A Class Member may respond to any such submission the DOE might make. In those cases, if the Independent Auditor agrees with the DOE, the Class Member may not receive a voucher or may receive a voucher for up to $2,000.

All vouchers may be used for educational services for the benefit of the child named in the impartial hearing order at pre-approved providers or at providers requested by a Class Member and approved by the Independent Auditor. Up to $3,000 of each voucher may be used to purchase assistive technology, such as laptops, educational software, and reading machines (unless the Class Member proves to the Independent Auditor that the student for whose benefit the order was issued needs assistive technology that costs more than $3,000.)

**Reimbursement:** Class Members who received orders between December 13, 2000 and January 31, 2008, that required the DOE to provide educational services may, instead of receiving a voucher, choose to get paid back for money they spent on educational services because the DOE failed to fully and timely implement the impartial hearing order. To get repaid, the Class Member must provide proof that they paid for educational services as described on the Claim Form included with this notice.

*Orders that Required the DOE to Pay a Parent or Service Provider*

**Additional documentation may be required in order to obtain the payments described below. Please see the Claim Filing Instructions for the necessary additional documentation.**

Where an impartial hearing order issued on or after December 13, 2000 and on or before January 31, 2008 required the DOE to reimburse the Class Member, and the DOE has not paid the reimbursement, the Class Member may request that the DOE pay the amount ordered.

Where the DOE was ordered to pay for a particular service following an order issued on or after December 13, 2000 and on or before January 31, 2008, and the DOE did not pay for that service but the student nonetheless received the service, the Class Member may request that the DOE either pay the provider that provided that service to the child or reimburse the parent for the costs the parent incurred in securing that service for the child.

If the DOE was ordered to pay for a particular service, the DOE did not pay for that service, and the student did not receive the service, the Class Member's choices will depend on when the particular order was issued:

- If such an order was issued on or after December 13, 2000 and on or before June 30, 2006, the Class Member may request a voucher for educational services. The provisions described under "Vouchers" above will then apply.

- If an order was issued on or after July 1, 2006 and on or before June 30, 2007, the Class Member may either (i) get the services described in the order (in which case the DOE will pay for those services in full once the Class Member submits invoices for the services) or (ii) request a voucher for educational services. If the Class Member elects to request a voucher, the provisions described under "Vouchers" above will then apply.

- If the order was issued on or after July 1, 2007 and on or before January 31, 2008, the Class Member may obtain the services described in the order and the DOE will pay for those services in full when the Class Member submits the documentation described on the Claim Form included with this notice.

7. **How can I get a voucher, the money the DOE was ordered to pay and/or money I have spent already?**

**YOU MUST FILL OUT AND SEND IN THE CLAIM FORM NO LATER THAN JUNE 30, 2008.**

To get payment and/or a voucher, you must send in a Proof of Claim form. A Proof of Claim form is included with this notice. You may also get a Proof of Claim form on the internet at **www.hearingordersettlement.com**. Read the instructions carefully, fill out the Proof of Claim form, include all the necessary documents, sign it, and mail it so that it is postmarked no later than June 30, 2008.

8. **When would I get my payment and/or voucher?**

The Court will hold a hearing on April 10, 2008 to decide whether to approve the proposed settlement ("Settlement Fairness Hearing"). If Judge Holwell approves the proposed settlement after the Settlement Fairness Hearing, there could still be appeals. If any appeal is filed, it is uncertain how long it might take to resolve. Once the proposed settlement is final, vouchers and payments will be sent out no more than 60 days after the date your claim form and all supporting documentation is received or 60 days after the Effective Date, whichever is later, unless the DOE challenges your claim. If the DOE decides to challenge your claim, it must challenge your claim within 35 days of the date your claim is postmarked. You will then have 60 days to respond to the DOE's challenge to your claim. If the Independent Auditor decides that you are entitled to payment or a voucher despite the DOE's challenge, you will receive the voucher or payment within 45 days after the Independent Auditor's decision.

9. **What am I giving up to get my payment and/or voucher?**

If the proposed settlement is approved at the Fairness Hearing, you can't sue, continue to sue, or be part of any other lawsuit against the DOE about the DOE's systemic failure to fully and timely implement impartial hearing orders. It also means that all of the Court's orders will apply to you and legally bind you.

All Class Members, including both the Compensatory Relief Subclass and the Injunctive Relief Subclass, will be bound by the terms of the proposed settlement concerning the DOE's future systems for fully and timely following impartial hearing orders. Members of the Injunctive Relief Subclass will keep their rights to bring individual claims concerning individual impartial hearing orders that are issued on or after February 1, 2008.

The release contained in the proposed settlement states:

"Settled Claims" means any and all claims, debts, demands, rights, or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, (i) that have been asserted in this Action by the Lead Plaintiffs, Class Members, or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Lead Plaintiffs, Class Members, or any of them against any of the Released Parties which arise out of, relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint. Settled Claims do not include (i) claims to enforce the proposed settlement or any provisions thereof, (ii) claims by members of the Compensatory Relief Subclass who opt-out or, (iii) individual claims by members of the Injunctive Relief Subclass concerning orders issued on or after February 1, 2008.

## LAWYERS REPRESENTING YOU

**10.   Do I have a lawyer in this case?**

Yes. Attorneys from Advocates for Children of New York and the law firm of Milbank, Tweed, Hadley and McCloy, LLP represent you, *if you are a Class Member*. These lawyers are called Class Counsel. You will not be charged for being represented by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.   How will the lawyers be paid?**

The Stipulation provides that the DOE will pay Class Counsel's reasonable attorneys' fees for investigating the facts, litigating the case, negotiating the proposed settlement, and monitoring the conduct of the Defendants until the expiration of the proposed settlement. ***The payment of these fees will not affect the recovery of benefits by Class Members in any way.***

## OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you don't agree with the proposed settlement or some part of it.

**12.   How do I tell the Court that I don't like the proposed settlement?**

If you are a Class Member, you can object to the proposed settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court may consider your views. To object, you must send a letter saying that you object to *LV, et al. v. New York City Dept. of Educ., et al.*, United States District Court, Southern District of New York, No. 03 Civ. 9917 (RJH). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the proposed settlement. **Mail the objection to the following addresses postmarked no later than March 21, 2008:**

| | |
|---|---|
| The Clerk of the Court<br>United States District Court<br>500 Pearl Street<br>New York, New York  10007 | Shawn V. Morehead, Esq.<br>Advocates for Children of New York, Inc.<br>151 West 30th Street<br>New York, New York 10001 |
| | Jeffrey S. Dantowitz, Esq.<br>New York City Law Department<br>Office of the Corporation Counsel<br>100 Church St.<br>New York, NY 10007-2601 |

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you don't have to.

13.   **When and where will the Court decide whether to approve the proposed settlement?**

The Court will hold a Settlement Fairness Hearing at 10:00 a.m. on April 10, 2008 at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom 14A. At this hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Richard Holwell will listen to people who have properly asked to speak at the hearing. After the hearing, the Court will decide whether to approve the proposed settlement.

14.   **Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Holwell may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court may consider it. You may also pay your own lawyer to attend, but it's not necessary.

15.   **May I speak at the hearing?**

You may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must send a letter saying that it is your intention to appear in *LV, et al. v. New York City Dept. of Educ., et al.*, No. 03 Civ. 9917 (RJH). Be sure to include your name, address, telephone number, your signature and any witnesses you may call to testify and exhibits you intend to introduce into evidence at the hearing. **Your letter must be postmarked no later than March 21, 2008**, and be sent to the following addresses:

| | |
|---|---|
| **The Clerk of the Court**<br>**United States District Court**<br>**500 Pearl Street**<br>**New York, New York 10007** | **Shawn V. Morehead, Esq.**<br>**Advocates for Children of New York, Inc.**<br>**151 West 30th Street**<br>**New York, New York 10001** |
| | **Jeffrey S. Dantowitz, Esq.**<br>**New York City Law Department**<br>**Office of the Corporation Counsel**<br>**100 Church St.**<br>**New York, NY 10007-2601** |

16.   **What if I do nothing at all?**

If you do nothing and you are eligible for a voucher or payment of educational expenses, you will NOT receive whatever voucher or payment that you would otherwise be entitled to receive. However, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the DOE about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

17.   **Are there more details about the proposed settlement?**

This notice summarizes the proposed settlement. More details are in the Stipulation itself. To the extent that this notice varies from the Stipulation, the terms of the Stipulation are controlling. You can access a copy of the Stipulation by visiting **www.hearingordersettlement.com**.

*L.V. v. New York City Department of Education*

**Class Action Settlement Regarding Implementation of Impartial Hearing Orders**

**Claim Filing Instructions**

To receive any of the settlement benefits, you must fill out and return the attached Claim Form, postmarked on or before <u>June 30, 2008</u>. If you fail to return a valid Claim Form by that deadline, your claim will be rejected and you will lose all rights to these benefits. Unless you request exclusion from the class as explained in the Class Notice, you will be bound by the Settlement Agreement, the Release of Claims, and the Final Judgment even if you do not return the Claim Form.

If you have any questions while completing the Claim Form, please call 1-800-918-8061, visit <u>www.hearingordersettlement.com</u>, or call Advocates for Children at 212-947-9779 ext. 577.

**I.   WHO IS ELIGIBLE TO MAKE A CLAIM**

To be eligible to make a claim, you must meet the following requirements:

1. You obtained a favorable order by an Impartial Hearing Officer against the New York City Department of Education (the "DOE") or a stipulation of settlement placed on the record at an impartial hearing with the DOE on or after December 13, 2000 and on or before January 31, 2008 AND

2. You did not obtain full and timely implementation of such order or settlement. Even if the DOE has now implemented your order or settlement, you may still submit a claim if the DOE failed to do so in a timely manner.

**II.   HOW TO MAKE A CLAIM**

**1.   Step One – Complete and Sign the Claim Form**

In order to be eligible for any payment, voucher, or reimbursement, you must select the type of relief you want and sign the certification. If your order or settlement was not fully and timely implemented, you can make a claim for:

1. payment on an impartial hearing order requiring the DOE to make a direct payment to a private school or private service provider or to reimburse you for services that you paid for,

2. a voucher for educational services or assistive technology and/or

3. reimbursement for costs of educational services or assistive technology.

The relief that you may receive depends on what the DOE was required to do in the order you obtained, as described below. A description of the type of relief available appears on the Claim Form and also is described in the notice you received with this Claim Form.

If you received more than one order on or after December 13, 2000 and on or before January 31, 2008 and are submitting claims for more than one of these orders, you must include a separate claim form for each order. You will only get a remedy for one order in each school year.

1

2. **Step Two – Include Any Required Documentation**

A. **You must include the following documentation with your Proof of Claim form unless you are ONLY asking for a voucher for compensatory educational service or assistive technology:**

   1. An invoice on provider letterhead detailing the amount owed or owing and the service provided, or an affidavit from the provider detailing the amount owed or owing and the service provided; and

   2. Both sides of a cancelled check, a credit card statement, a bank statement or an on-line screen showing electronic debits, a copy of a loan agreement, or an affidavit detailing the payments made.

      a. If you cannot obtain one of the documents identified in paragraph 1 above, you can write a letter to the Independent Auditor explaining why the documentation is not available and enclose it with your form. The Independent Auditor may or may not decide that you have a good reason for failing to provide the documents.

      b. If your order required the DOE to pay a specific dollar amount and you are asking for payment of that amount, you do not need to include any documentation.

      c. If your order required the DOE to pay someone other than you and you are asking for payment of that amount, you do not need to provide any of the documents identified in paragraph 2 above.

      d. If your order was dated on or after July 1, 2006, you may submit documentation after you submit this form as long as it is submitted no more than two years after the date the settlement becomes final. Please note that the order will not be paid until this documentation is submitted.

3. **Step Three – Mail the Claim Form to the Claims Administrator, postmarked by June 30, 2008.**

The completed form must be mailed to:

LV et al v NYC Dept of Education<br>
c/o The Garden City Group, Inc.<br>
PO Box 9000 #6495<br>
Merrick, NY 11566-9000

2

| Must be Postmarked<br>No Later Than<br>June 30, 2008 | LV et al v NYC Dept of Education<br>c/o The Garden City Group, Inc.<br>PO Box 9000 #6495<br>Merrick, NY 11566-9000<br>Toll Free:  1-800-918-8061 |  |
|---|---|---|

## CLAIM FORM

**CLAIMANT IDENTIFICATION**:

Claim Number:             Control Number:

If you want to participate in the Class Action Settlement, you must complete this form and mail it to, LV et al v NYC Dept of Education, c/o The Garden City Group, Inc., PO Box 9000 #6495, Merrick, NY 11566-9000, postmarked by June 30, 2008, after first reading the attached Notice and the Claim Filing Instructions.

If you have any questions while completing this form, please contact The Garden City Group, Inc. at 1-800-918-8061, visit www.hearingordersettlement.com, or call Advocates for Children at 212-947-9779 ext. 577.

**A.     PERSONAL INFORMATION**

**A1.**     Please Provide the Information Requested Below

Name:

Child's Name:

Address:

City:                                                State:                                Zip:

Child's Date of Birth:           Daytime Telephone Number:           Evening Telephone Number:

( )   -                                                          ( )   -

**A2.**     Your Attorney and Impartial Hearing Order Information

Attorney or Advocate's Name:

Address:

**THIS FORM MUST BE POSTMARKED NO LATER THAN JUNE 30, 2008.**



Case Number for Impartial Hearing Order: _____

Date Signed by Hearing Officer: _____

- If you do not know this information, call 1-800-918-8061, and you will be sent a copy of your order.
- You are only entitled to relief if your order(s) were issued on or after December 13, 2000 and on or before January 31, 2008.

❏ Yes ❏ No   I received more than one order dated on or after December 13, 2000 and on or before January 31, 2008 and am submitting claims for more than one of these orders.

- Include a separate claim form for each order. You will only get a remedy for one order in each school year.

B.  **SELECTION OF TYPE OF RELIEF**: Indicate the relief you would like to receive from the class action settlement. The type of relief that you are eligible to receive depends on the type of action the DOE was ordered to take in the order.

**Please check all that apply (except as otherwise specified):**

| B1. ❏ | The DOE was ordered to provide educational services or to take an action <u>other than</u> make a payment directly to a parent, private service provider, or private school and failed to fully and timely do so. |

I request (**check only one of the following**):

❏ **Voucher for Compensatory Educational Services or Assistive Technology:** I want to receive a voucher that I can use for compensatory educational services and attendant costs and/or assistive technology. Please answer the following question:
My child was out of school or in a grossly inappropriate placement for more than 45 days within a 60 day school period and did not receive home instruction. ❏ Yes ❏ No

-OR-

❏ **Reimbursement for costs incurred because my order was not implemented:** I want to be reimbursed for the costs of educational services or assistive technology that I paid for because my order was not implemented.

I paid $_____ for the following services:_____

_____

_____.

**You must submit additional documentation. Please refer to the Claim Filing Instructions for a list of acceptable documentation.**

| B2. ❏ | The DOE was ordered to reimburse me for payments that I made and I never received reimbursement. I would like the DOE to reimburse me. |

The DOE was ordered to reimburse me for the amount of $_____ for the following service:

_____

_____.

**You must submit additional documentation unless the order specified a dollar amount to be reimbursed and did not require submission of further documentation. Please refer to the Claim Filing Instructions for a list of acceptable documentation.**

3 

| B3. | ☐ | The DOE was ordered to make a payment to a private service provider or private school. My child received the service for which payment was ordered but the DOE never paid. I would like the DOE to pay the service provider or school. |

The payment was ordered to be made to _____
(Service Provider or School)

in the amount of $_____ for the purpose of _____

_____.

**You must submit additional documentation. Please refer to the Claim Filing Instructions for a list of acceptable documentation.**

| B4. | ☐ | The DOE was ordered to make a payment to a private service provider or private school. The DOE never paid and my child never received the service for which payment was ordered. |

Please select from the following:

☐   The order was dated before July 1, 2006.

I request (check only one of the following):

☐   **Voucher for Compensatory Educational Services or Assistive Technology:** I want to receive a voucher that I can use for compensatory educational services and attendant costs and/or assistive technology. Please answer the following question:
My child was out of school or in a grossly inappropriate placement for more than 45 days within a 60 day school period and did not receive home instruction.
-OR-   ☐ Yes ☐ No

☐   **Reimbursement for costs incurred because my order was not implemented:** I want to be reimbursed for the costs of educational services or assistive technology that I paid for because my order was not implemented.

I paid $_____ for the following services: _____

_____.

**You must submit additional documentation. Please refer to the Claim Filing Instructions for a list of acceptable documentation.**

☐   The order was dated between July 1, 2006 and June 30, 2007.

I request (check only one of the following):

☐   **Payment of the Order.** I want the DOE to make the payment that it was ordered to make.

The payment was ordered to be made to _____
(Parent, Service Provider, or School)

in the amount of $_____ for the purpose of _____

_____.

**You must submit additional documentation. Please refer to the Claim Filing Instructions for a list of acceptable documentation.**
-OR-

4

- ☐ **Voucher for Compensatory Educational Services or Assistive Technology:** I want to receive a voucher that I can use for compensatory educational services and attendant costs and/or assistive technology. Please answer the following question:

    My child was out of school or in a grossly inappropriate placement for more than 45 days within a 60 day school period and did not receive home instruction.

    -OR-  ☐ Yes ☐ No

- ☐ **Reimbursement for costs incurred because my order was not implemented:** I want to be reimbursed for the costs of educational services or assistive technology that I paid for because my order was not implemented.

    I paid $_____ for the following services:_____

    _____

    _____.

    You <u>must</u> submit additional documentation. Please refer to the Claim Filing Instructions for a list of acceptable documentation.

- ☐ The order was dated after June 30, 2007. I want the DOE to make the ordered payment.

    The payment was ordered to be made to _____
    (Parent, Service Provider, or School)

    in the amount of $_____ for the purpose of _____

    _____

    _____.

    You must submit additional documentation. Please refer to the Claim Filing Instructions for a list of acceptable documentation.

## C. CERTIFICATION

I state under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

_____        _____
Signature                                    Date

---

**PLEASE MAIL THIS FORM AND THE REQUIRED DOCUMENTATION TO:**

LV et al v NYC Dept of Education
c/o The Garden City Group, Inc.
PO Box 9000 #6495
Merrick, NY 11566-9000

**THIS FORM MUST BE POSTMARKED NO LATER THAN JUNE 30, 2008.**

LV et al v NYC Dept of Education
c/o The Garden City Group, Inc.
PO Box 9239
Dublin, OH 43017-4639


Dear Garden City Group,

    My name is _____.

I reside at _____

_____.


    I have read the Settlement Notice enclosed with this form. I am a member of the Compensatory Relief Subclass because, on or after December 13, 2000 and before January 31, 2008, I obtained a favorable order by an Impartial Hearing Officer against the New York City Department of Education (the "<u>DOE</u>") or stipulation of settlement placed on the record at an impartial hearing with the DOE and failed to obtain full and timely implementation of such order or settlement on behalf of my child _____(insert full name) whose date of birth is _____.


    I elect to opt out of the Compensatory Relief Subclass.

Sincerely,


_____
Signature


_____
Date


**THIS FORM MUST BE POSTMARKED NO LATER THAN JUNE 30, 2008.**