UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LV, RC, AD, NA, ADJ, YG, LO, AP, RLB, RD, and JYW, individually; and VSG, HR, CW, SS, MG, MS, ST, RZ, MC and JP, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION; JOEL KLEIN, in his individual and official capacity as Chancellor of the New York City School District,

Defendants.

No. 03 Civ. 9917 (RJH)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

## ORDER AND FINAL JUDGMENT

On the 10th day of April 2008, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated as of December 11, 2007 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class[1] against the Defendants in the Complaint now pending in this Court under the above caption, including the releases of the Defendants and the Released Parties as provided in the Stipulation, and should be approved; (2) whether judgment should be entered dismissing the Second Amended Complaint on the merits and with prejudice; (3) whether to approve the Injunctive Relief as a fair and reasonable method to ensure Defendants' future compliance with federal, state, and local law; and (4) whether to approve the Compensatory Relief as a fair and reasonable method to provide compensatory relief to the members of the

---

[1] All capitalized terms used herein having the meanings set forth and defined in the Stipulation.

Compensatory Relief Subclass. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all Class Members who were identified with reasonable effort, as shown by the records compiled by the Claims Administrator, at the respective addresses set forth in such records, and that the Publication Notice substantially in the form approved by the Court was published in *The New York Daily News, the Brooklyn Paper, the Staten Island Advance*, one Spanish language newspaper, and one Chinese language newspaper, pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, SOLELY FOR THE PURPOSES OF THE SETTLEMENT, THE COURT FINDS THAT:

A.   The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

B.   The prerequisites for a class action under Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

C.   The Class, as redefined in the Stipulation to include the Compensatory Relief Subclass and the Injunctive Relief Subclass, was properly subject to certification pursuant to Fed. R. Civ. P. 23 for the purposes of effectuating the Stipulation.

D.   Notice of the proposed settlement of this Action was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the proposed settlement of the action as a class action and of the terms and conditions of the proposed settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

E.   In entering into the Stipulation, no Party has relied on any representations or arguments by any other Party regarding any substantive or procedural issue in the Action.

F.   The Parties and their counsel have complied with the requirements of the Federal Rules of Civil Procedure and all other statutes and rules relating to the prosecution, defense, and settlement of the Action as to all proceedings herein.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   Pursuant to Federal Rule of Civil Procedure 23, the Class is defined to include all members of the Injunctive Relief Subclass and all members of the Compensatory Relief Subclass who do not timely opt out pursuant to the terms of the Stipulation and the Court's prior orders.

2.   The settlement set forth in the Stipulation (the "Settlement") is approved as fair, reasonable and adequate, and the Class Members and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

3. This Action, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

4. Class Members and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting the Settled Claims against the Released Parties. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Notwithstanding the provisions of this paragraph, members of the Compensatory Relief Subclass who timely opted out pursuant to the Stipulation and this Court's prior orders may pursue claims for individual relief in appropriate fora and members of the Injunctive Relief Subclass retain their rights to seek appropriate individual relief in appropriate fora with regard to Orders issued on or after February 1, 2008.

5. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting the Settled Defendants' Claims. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6. The Injunctive Relief is approved as fair and reasonable, and Defendants are ordered to comply with the terms of the Injunctive Relief as set forth in the Stipulation.

7. The Compensatory Relief is approved as fair and reasonable, and Defendants and the Claims Administrator are directed to administer the Compensatory Relief in accordance with

the Stipulation's terms and provisions. Neither the Parties nor their counsel shall have any liability for any actions or inactions of the Claims Administrator or the Independent Auditor relating to the administration of the Settlement.

8. As set forth in the Stipulation, Plaintiffs' Counsel are entitled to a reasonable attorneys' fee and reimbursement of expenses. The Parties have agreed to extend the timing of the process for attempting to negotiate an award of attorneys' fees and expenses. In the event the Parties are unable to agree on the amount of attorneys' fees and expenses within 90 days of the date that Plaintiffs' Counsel serves a request for fees on Defendants' Counsel (or any later date to which the Parties might agree), Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees and expenses.

9. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred executing and enforcing the terms of the Stipulation set forth in paragraphs 4-12, 16.f-16.i, 19-20, 34.c, and 36-42.

10. The Claims Administrator and Independent Auditor shall use information provided by the DOE containing student records information that is protected under the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99, only in accordance with this Order and shall not otherwise use or disclose such information.

11. In the event that the Settlement does not become Final, (i) this Order and Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc* and (ii) the Action shall proceed as set forth in the Stipulation.

12. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

13. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:   New York, New York

April 10, 2008

_____
Honorable Richard Holwell
UNITED STATES DISTRICT JUDGE