

New York | Washington | Miami | London
daylightforensic.com

Privileged & Confidential

## Memorandum

To: New York City Department of Education / Advocates for Children

From: Daylight Forensic & Advisory LLC

Date: March 11, 2009

Re: L.V. v. D.O.E. - Outreach Attempts Requirements

---

On February 19, 2009, representatives from Advocates for Children of New York ("AFC"), Milbank, Tweed, Hadley and McCoy, LLP ("Milbank"), NYC Department of Education ("DOE") and NYC Corporation Counsel ("Corp Counsel") attended a walkthrough of Prospective Payment Action Items conducted at the Daylight Forensic & Advisory LLC ("Daylight") office. At the meeting, the DOE requested that Daylight take into consideration whether a single communication attempt sent to multiple recipients is considered one outreach attempt or multiple attempts for the purposes of meeting Daylight's "Substantial Attempts" test. Daylight agreed to take the issue into consideration and to articulate our position to the Parties. Below are summaries of the Parties' thoughts on this issue as expressed at the meeting, as well as Daylight's decision on the matter.

I. DOE/Corp Counsel Position

The DOE and Corp Counsel indicated that if a letter was sent to the parent and copied to the attorney or the provider, the letter should count as two attempts for purposes of meeting Daylight's Substantial Attempts test.

The DOE proposed that sending an automated email to three different recipients (parent, attorney and provider) at the same time would satisfy the Substantial Attempts test since the email is sent to three different parties. Corp Counsel specifically noted that although sending an email to multiple recipients is only one "action," as it constitutes an effort to reach out to different recipients, it should be considered multiple attempts.

II. AFC/Milbank Position

AFC was concerned with interpreting a single email or letter sent to multiple recipients as multiple outreach attempts. AFC also raised the issue of a recipient's SPAM guard blocking an email or an accidental deletion of an email. In addition, Milbank discussed the import of an email getting "bounced back" and whether the DOE would note such events and perform alternative outreach. Furthermore, AFC indicated that there is no way to confirm whether an automated email was in fact received by all the intended recipients or checked by the recipient with regularity.



New York | Washington | Miami | London
daylightforensic.com

Privileged & Confidential

Milbank stated that a single outreach attempt sent to multiple recipients should only be considered one attempt. Milbank's position is that the "attempt" is the act of sending the email or the letter. If the email is only sent once but it is received by three people, it should be considered one physical "attempt."

In addition, both AFC and Milbank pointed out that people may pay different amounts of attention to an outreach attempt, based on the type of correspondence. For example, a parent or provider may be more likely to respond to a certified letter from the DOE as opposed to an email.

III. Daylight's Position

Daylight continues to take the position that letters or emails copied to multiple parties constitutes only one outreach attempt. We believe it is the repeated nature of the attempt to one recipient that satisfies "Substantial Attempts" to reach that individual. A single transmission of an email or copies of the same letter sent to multiple recipients does not satisfy Substantial Attempts.

Additionally, it is Daylight's view that there is value associated with repeated attempts occurring at some meaningful temporal interval, such as weekly or bi-weekly. A burst of communication all within a day or two, whether by multiple means or not, may be diluted in its impact because the repeated quality of the attempts is diminished when they occur too close together in time.