

Date:    December 23, 2008

To:      New York City Department of Education / Advocates for Children

From:    Daylight Forensic & Advisory

Re:      L.V. v. D.O.E. & Daylight's Revised Approach Based on Position Papers

In response to the position papers presented to Daylight Forensic & Advisory ("DFA") on December 15, 2008 by the New York City Department of Education ("DOE") and Advocates for Children ("AFC"), DFA is modifying its approach relative to (1) parent appeals, (2) substantial attempts to reach parents and obtain their compliance, and (3) prospective payments, as follows:

I.   Parent Appeals

   Pursuant to Stipulation I.1.ll.iv, an Order is considered Uncounted if "The Order, in its entirety, or the Action Item was timely appealed by the DOE." The plain language of the Stipulation does not contemplate Orders which were appealed by the Parent. Therefore, DFA will count Orders and Action Items appealed by the Parent and assess whether the Action Items required by the Order were Timely Implemented. As a general rule, only Orders and Action Items timely appealed by the DOE will be considered Uncounted. Where the parent appeals and the DOE files a cross-appeal within 35 days from the date of the issuance of the Order, however, the Order will also be considered Uncounted. In addition, DFA takes the position that if an Order or Action Item requires action by the DOE, the Order is favorable to the parent regardless of whether the parent decides to appeal the decision.

II.  Substantial Attempts

   A.   Payment Action ItemsDFA is going to be looking for three outreach attempts made within 35 days of the date of the Order by at least two means to satisfy the obligation to make a substantial showing of attempts to reach the parent to obtain their compliance. We will not be counting the letter sent with the Order as an outreach attempt to obtain payment related documentation. Therefore, DFA's "Substantial Attempts" test for Payment Action Items can be met by any combination of three attempts consisting of the Second and/or Final Notification Letter, email(s) or phone call(s), i.e. 2 letters and 1 phone call, 1 letter and 2 e-mails, 2 e-mails and a phone call, etc.



NEW YORK | WASHINGTON | MIAMI | LONDON

1 Rockefeller Plaza New York, NY 10020 (212)544-2600 daylightforensic.com

Daylight Forensic & Advisory LLC



Outreach attempts conducted via email to the parent or the parent's attorney must specifically address the Action Item under review. In addition, when outreach to the parent or parent's attorney is conducted over the telephone, we will be looking for comments made in DAITS or in phone logs that reference the date of the call, the number dialed, who the DOE spoke to or left a message with, and if possible, the time the call was placed.

B.  Service Action Items

Any three attempts by at least two means made within 35 days of the date of the Order will meet DFA's "Substantial Attempts" test for Service Action Items. The attempts must specifically address the parent's obligations towards implementing the Action Item. The specific content requirements for e-mails and phone calls are the same as articulated in Section II.A., above.

III.  Prospective Pay Orders

DFA's general rule for assessing a Payment Action Item as Timely Implemented is to require the posting of a voucher date in the DAITS financial transaction section before the final due date for the Action Item. Once the DOE posts the voucher, they have completed the last step before the Office of the Comptroller cuts a check (e.g. the invoice has been entered into the City's payment system). If no voucher date is posted, the Action Item is assessed as Unimplemented unless the DOE meets DFA's "Substantial Attempts" test as articulated in Section II., above.

Prior to DFA's review of the Parties' positions, our methodology for analyzing Prospective Payments did not account for the Timely Implemented exception pursuant Paragraph I1(ii)(ii) of the Stipulation.[1] Based upon this exception, the DOE believes that no additional efforts beyond the outreach to a parent or the parent's attorney requesting the vendor invoices are required. DOE articulated that because it was awaiting receipt of the invoices from the third party provider (e.g. "inaction of a third party") and could not move forward with processing the payment without this information; such Action Items should be assessed as Timely Implemented. The DOE's basis for applying this exception appears to rely on outreach (form letter sent with the Order and/or other attempts) to parents, who are not third parties as defined by the Stipulation.

---

[1] Stipulation paragraph I1(ii)(ii) states that "particular Orders or Action Items will also be considered to have been Timely Implemented for measurement purposes if: the DOE has demonstrated that it has taken all steps necessary to implement the Order or Action Item, but could not Timely Implement the Order or Action Item because implementation was dependent upon further steps that, in the determination of the independent auditor, could not be completed because of the action or inaction of a third party. Service providers with whom the Defendants have contracts to provide services shall not be deemed "third parties" for purposes of this decision."





In DFA's determination, actual outreach to a third party, i.e. a provider with whom the DOE does not have a contract, could permit them to claim inaction of a third party. In addition, the Stipulation requires the DOE to demonstrate to the Independent Auditor that is has taken "all steps necessary" to implement the Order or Action Item.

DFA is modifying its review to be inclusive of DOE outreach to third party providers. When DFA determines that inaction of a third party provider is the reason for DOE non-performance, DFA will deem an Order or Action Item Timely Implemented where there is at least one documented outreach attempt to the third party provider that specifically references the provision of invoices as required to process payments. Such attempt shall be considered one of the three attempts by two means necessary to satisfy DFA's "Substantial Attempts" test.

Where the DOE has met DFA's "Substantial Attempts" test with outreach only to the parent or the parent's attorney and no direct outreach to the provider, we will continue to assess these Action Items as Uncounted.

