# EXHIBIT A – REDACTED VERSION

## FINDINGS OF FACT AND DECISION

Case Number: **REDACTED**

Student's Name: **REDACTED**

Date of Birth: **REDACTED**

District: 11

Hearing Requested By: Parent

Date of Hearing: June 16, 2010
June 30, 2010

Hearing Officer: Theresa R. Joyner, Esq.

Hearing Officer's Findings of Fact and Decision                                             1

Case No. REDACTED

---

NAMES AND TITLES OF PERSONS WHO APPEARED ON JUNE 16, 2010

For the Student:
MIRANDA JOHNSON, Attorney, Advocates for Children
REDACTED, Parent

For the Department of Education:

MARK PARENT, District Representative

WILLIAM A. HESLIN, OPT Director

NAMES AND TITLES OF PERSONS WHO APPEARED ON JUNE 30, 2010

For the Student:

MIRANDA JOHNSON, ESQ., Attorney, Advocates for Children
REDACTED, Parent

CAROLINE MILLER, Intern, Advocates for Children

DANA PELLEGRINO, Intern, Advocates for Children

JENNIFER EGAN, Director, Lindamood-Bell (via telephone)

For the Department of Education:

MARK PARENT, CSE 2 Representative

WILLIAM HESLIN, Interim Acting Director, OPT (via telephone)

Hearing Officer's Findings of Fact and Decision　　　　　　　　　　　　　　2

Case No. REDACTED

---

This matter came before me on June 16 and 30, 2010, pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C.§1415(b)(2). The applicable timelines were extended for each adjournment. Appended to the record are lists of persons in attendance and of evidence submitted to the record.

## BACKGROUND

The student is a fifteen year old male who is classified as autistic and attends a private school, ungraded. The parent requested this hearing (1) to seek tuition reimbursement for the 2009-2010 school year; (2) payment for 400 hours of individual tutoring at the Lindamood-Bell Center ("the Center") and (3) and door to door special education transportation. The parties have reached a tentative agreement on the first two issues and will withdraw them once the matter is finalized. The sole issue at this hearing is special education bus transportation to and from the Center from July through August, 2010.

## THE DEPARTMENT OF EDUCATION'S CASE

The Department of Education's ("DOE") case was presented by Mark Parent through testimonial and documentary evidence.

William Heslin, is the interim director of special education transportation, at the NYC DOE, Office of Pupil Transportation ("OPT"). His team is responsible for all the routing of all special education students throughout NYC, Nassau-Suffolk, Connecticut, New Jersey and upstate counties. His transportation services are restricted to providing transportation to and from schools. The cost to provide REDACTED ("CM") transportation, individually, to and from Lindamood-Bell would run between $650. to $750. (Tr. 18-20) He acknowledged that there were pickups and drops scheduled for the summer months, that are from CM's home area to Lindamood-Bell's mid-town location, during the hours needed. Moreover, the limitation on services to and from schools is a DOE policy, as far as he knows. Mr. Heslin noted if an impartial hearing order mandated the pickup he would than honor it. (Tr. 27-29)

On the second day of hearings, Mr. Heslin testified that bus service starts around July 1st and ends August 18th. Bus service resumes again in September. Currently, the

routing sheets indicate that approximately 32 children are scheduled for the same route as CM would need and some have the same class schedule. He anticipated that numbers of students would increase. (Tr. 50-53) All special education buses are mandated to have escorts. The overwhelming majority of the summer programs run Monday through Friday. (Tr. 56-57) The student's Individualized Education Program ("IEP") has to indicate door to door transportation service, a twelve month student and Committee on Special Education ("CSE") would have to indicate the Center. (Tr. 58-61)

**THE PARENTS' CASE**

The parents were represented by Miranda Johnson, Esq., Caroline Miller and Dana Pellegrino (Interns), testimonial and documentary evidence was provided.

Jennifer Egan, is the director for the Center; she has worked for the Center for the past 15 years, in various positions. There are 43 locations around the country and 2 international sites. The student population runs from five years of age to adults. She discussed the student's assessment done at the Center. She stated that the student's reading fluency is eight grades below his vocabulary. She discussed in detail what CM's program would be and the hours he needs to attend. (Tr. 66-69) She followed up with estimates of where he should be if he progresses as expected this summer. She noted that right now she had DOE students who were being bused to the Center. (Tr. 71-72)

The mother testified that the student attends Pathways a school for neurological disorder and autism. Her son is easily frustrated and needs to know in advance what his schedule is. She prepares food for him; he doesn't even make a sandwich and is not able to travel around the city by himself. He does not know how to use a Metro Card or change buses. The DOE has always provided special education transportation services for the student and he has always had a twelve month program. The mother stated that she has two other special needs children at home and is not able to ride in the car service with her son to and from the Center. The student is not capable of riding the subway by himself, he can't cross the street by himself and is not capable of getting to the subway by himself. He cannot manage to ride in a car service by himself, he needs support, such as the matron on the bus. (Tr. 88-90) The mother stated that they could not afford to up front

Hearing Officer's Findings of Fact and Decision                                                            4

Case No. REDACTED

---

the cost of car service. The family's annual income is $40,000., the husband works at MTA and they have three special needs children. (Tr. at 94)

On cross-examination she acknowledged that sometimes she and her son use city buses, they rarely ever use the subway. During redirect, she reviewed his IEP, which indicated special education transportation services. She stated having her husband take CM every morning is not a reliable arrangement for every day. (Tr. 107-108)

### FINDINGS OF FACT AND DECISION

The central purpose of the IDEA (20 U.S.C. §§ 1400 - 1487) is to ensure that students with disabilities have available to them a Free Appropriate Public Education ("FAPE") (20 U.S.C. § 1400[d][1][A]). A FAPE consists of special education and related services designed to meet the student's unique needs, provided in conformity with a written IEP. The board of education bears the burden of demonstrating the appropriateness of the program recommended by its CSE (M.S. vs. Board. of Education., 231 F.3d 96, 102 [2d Cir. 2000], cert. denied, 532 U.S. 942 [2001]; Walczak vs. Fla. Union Free School District, 142 F.3d 119, 122 [2d Cir. 1998]; Application of a Child with a Disability, Appeal No. 04-043).

Both federal and state laws require that special education services includes transportation to be provided at no cost to the parent; transportation is a component of related services. 20 U.S.C. §1401(260(A) and New York State Education Law Section 4401. The District has agreed to provide the funding for the Lindamood Bell Center and metro cards to cover transportation. However, the record is replete with testimonial and documentary evidence to show that the student is not capable of taking public transportation alone and it is clear that the parents are not available to take him on an ongoing basis to class (Tr. at 102 and at 109) Moreover, the child is a low functioning autistic child that requires a lot of assistance when in public. (Exhibits D, E and F) The father is the only working parent. The mother has two other special needs children. The burden is on the DOE to establish it has offered appropriate transportation for the student. Accordingly, I find that the DOE has failed to provide a FAPE, due to the inadequate transportation arrangement.

.

Hearing Officer's Findings of Fact and Decision                                                     5

Case No. REDACTED

___

## ORDER

1. The DOE shall provide door to door special education bus transportation from the student's home to the Lindamood Bell Center and return trip to his home, from July through August 18, 2010;
2. The DOE shall provide, during off time for the buses and breaks, metro cards for the student and parent, round trip, also
3. The DOE shall front the funds for private car service, round trip, at an amount up to $60 per diem, during these breaks.

Date: July 23, 2010

THERESA R. JOYNER ESQ.
Impartial Hearing Office

TRJ:dl

### PLEASE TAKE NOTICE

Within 35 days of the date of this decision, the parent and/or the New York City Department of Education has a right to appeal the decision to the State Review Officer of the New York State Education Department under Section 4404 of the Education Law and the Individuals with Disabilities Education Act.

"The notice of intention to seek review shall be served upon the school district not less than 10 days before service of a copy of the petition for review upon such school district, and within 25 days from the date of the decision sought to be reviewed. The petition for review shall be served upon the school district within 35 days from the date of the decision sought to be reviewed. If the decision has been served by mail upon petitioner, the date of mailing and the four days subsequent thereto shall be excluded in computing the 25- or 35-day period." (8NYCRR279.2[b]) Failure to file the notice of intention to seek review is a waiver of the right to appeal this decision.

Directions and sample forms for filing an appeal are included with this decision. Directions and forms can also be found in the Office of State Review website: www.sro.nysed.gov/appeals.htm.