UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LV, et al,

          Plaintiffs,

  -versus-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

          Defendants.

03 Civ. 9917 (LAP)

ORDER

---

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Plaintiffs' motion for appointment of a special master to facilitate Defendants' compliance with a stipulation previously entered in this litigation.  (Notice of Motion, dated Sept. 3, 2019 [dkt. no. 205].)  For the reasons set forth below, the motion is held in abeyance.

    Plaintiffs filed this case in 2003, alleging that the New York City Department of Education ("DOE") had failed timely to implement administrative hearing orders for the provision of specialized educational services for students with disabilities. (See Plaintiff's Memorandum of Law, dated Sept. 3, 2019 ("Pl. Br.") [dkt. no. 206] at 3-7.)  Before trial, the parties reached a settlement and entered the stipulation at issue here.  (See Stipulation and Agreement of Settlement, dated Dec. 11, 2007 ("Stip.") [dkt. no. 207-2].)  Under the stipulation's terms, DOE was required to meet and maintain certain performance benchmarks

for implementing hearing orders and, if it failed to do so within a specified period of time, Plaintiffs were entitled to apply to the Court for "any remedy they deem[ed] appropriate." (See Pl. Br. at 7-10; see also Stip. ¶¶ 4-10.)  In 2010, after DOE had failed to meet certain benchmarks, Plaintiffs made an initial motion for appointment of a special master to oversee Defendants' compliance efforts.  (See Pl. Br. at 13.)  While that motion was pending, DOE created a new "Implementation Unit" to address its deficiencies.  (Id. at 14.)  In 2011, the Court denied Plaintiffs' motion for a special master without prejudice to renewal if the Implementation Unit failed to improve DOE's implementation of hearing orders.  (See Declaration of Rebecca Shore, dated Sept. 3, 2019 [dkt. no. 208] ¶ 9.)

As set forth in Plaintiffs' current motion, the DOE -- despite some initial success with its Implementation Unit -- continues to fall short of certain benchmarks.  (See Pl. Br. at 15-19.)  Although Defendants dispute Plaintiffs' assessment of their performance, they acknowledge that DOE is not in full compliance with the stipulation.  (See, e.g., Defendants' Memorandum of Law in Opposition, dated Oct. 31, 2019 [dkt. no. 216] at 1-2, 11, 17-18.)  Given that over a decade has passed since the stipulation went into effect and nearly as long since the Court denied Plaintiffs' first motion for a special master, it appears that oversight from a special master may be the only

means for bringing DOE into compliance with its obligations under the stipulation.  Nevertheless, the Court cannot appoint a special master in the midst of the ongoing pandemic. Plaintiff's motion is therefore placed on the suspense calendar due to the COVID-19 virus until the end of the fall school semester 2020. The parties are directed to confer and advise the Court by letter no later than December 31, 2020 or the end of the fall semester (whichever comes first) as to the status of Defendants' compliance.  DOE is hereby put on notice that the Court will proceed to decide Plaintiffs' motion after hearing from the parties at the end of the fall semester.

<u>SO ORDERED.</u>

Dated: June 24, 2020
       New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.