UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



LV, et al.,

        Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

        Defendants.

No. 03-CV-9917 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are the parties' and the Special Master David Irwin's letters regarding the Special Masters scope of authority in this matter. (See dkt. nos. 259, 260, 272-1.)) After carefully reviewing those materials, the Court adopts the following as to the Special Master's scope of authority:

**Duties**

1. The Special Master will function independently of the DOE and the Class, and their respective counsel, and will perform the below duties impartially.[1]

2. The Special Master is empowered to:

    a. Review DOE's process for implementing Payment Orders and Payment Action Items and recommend to the Court, in accordance with paragraph 3 below, improvements to enable DOE to Timely Implement Payment Orders and Payment Action Items and meet the Third Benchmark.

    b. Review DOE's process for implementing Service Orders and Service Action Items and recommend to the Court, in accordance with paragraph 3 below, improvements to enable

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Parties' Stipulation of Settlement, dated December 11, 2007 (the "Stipulation").

DOE to Timely Implement Service Orders and Service Action Items and meet the Third Benchmark.

c. Review staffing needs of DOE's Implementation Unit and make recommendations to the Court with respect thereto, in accordance with paragraph 3 below, to enable DOE to Timely Implement Orders and Action Items and meet the Third Benchmark.

d. Review DAITS and other relevant computer systems, as appropriate, and recommend to the Court, in accordance with paragraph 3 below, improvements that will enable DOE to Timely Implement Orders and Action Items and meet the Third Benchmark.

e. Review DOE's process for implanting Orders and Action Items that are outstanding for more than thirty-five (35) days and recommend to the Court measures that will enable DOE to promptly implement such Orders and Action Items.

f. Assess and report to the Court, in accordance with paragraph 3 below, on the implementation and efficacy of any recommendations ordered by the Court, and, if necessary, recommend modifications thereto to enable DOE to Timely Implement Orders and Action Items and meet the Third Benchmark.

g. Review DOE's existing internal monitoring process and standards of compliance and recommend to DOE improvements to such processes to enable the DOE to independently monitor implementation of Orders and Action Items.

h. Upon joint request of the Parties, facilitate discussion between the Parties concerning any matters that may contribute to the Timely Implementation of Orders or Actions Items or to the achievement of the Third Benchmark.

i. Perform such other duties, and have such other authority, as the Parties may mutually agree upon, or as the Court may further order.

j. Apply to the Court, on notice and opportunity for the Parties to be heard, for such other and further duties and for such other and further authority as is reasonably necessary to the performance of the foregoing duties.

3. The Special Master is to report to the Court and Parties in accordance with the following procedure:

2

a. Within thirty (30) days of appointment by the Court, the Special Master will submit to the Court a work plan (the "Work Plan") for approval by the Court. The Work Plan will contain a description of the work the Special Master will perform and an expected timeline for the Special Master to complete the work necessary to make recommendations. The Parties shall have ten (10) business days to submit comments to the Court concerning the Work Plan.

b. The Special Master will issue draft reports to the Parties containing findings and recommendations on a schedule to be determined by the Special Master, but with the first such report to be issued no later than ninety (90) days after the Court's approval of the Work Plan, with no fewer than four (4) reports to be issued in the two (2) years following the date of the Court's approval. The Special Master may make a recommendation on the frequency of reporting in the initial report.

> i. The Parties will have fifteen (15) business days from the date of the draft report's issuance to comment.
>
> ii. Such comments are non-binding and may be accepted or rejected by the Special Master.

c. The Special Master will file a final version of each report on the Court's public docket (with appropriate redactions) within twenty-five (25) business days of issuing the draft report to the Parties for comment.

> i. the Parties may file responses to the final report on the Court's public docket up to ten (10) business days following the filing of the final report or as otherwise ordered by the Court.
>
> ii. a Party's failure to timely comment on a draft report or timely respond to a final report shall not be a basis for the Party to object to or refuse to comply with a recommendation ordered by the Court.

d. All work conducted by the Special Master and all reports (draft and final) shall comply with all applicable confidentiality laws including, but not limited to, the Family Educational Rights and Privacy Act (20 U.S.C. § 1232g; 34 CFR Part 99) ("FERPA"). Upon compliance with FERPA, DOE shall disclose the education records of students

3

to the Special Master as needed by the Special Master to
carry out the responsibilities contained in this Order.

4. The duties of the Special Master may be modified upon further
order of the Court after notice and an opportunity for the
Parties to be heard.

**Authority**

5. The Special Master may speak on an ex parte basis with DOE
employees, the Independent Auditor, and counsel for the Parties
with their consent. The Special Master will be bound by the
requirements of FERPA and may not share any student-specific
information with counsel for Plaintiffs except with consent of
the student's family. No student-specific information may
otherwise be shared. The Special Master may request additional
authority from the Court to speak to additional parties and
departments, as necessary.

6. The Special Master may communicate with the Court on an ex
parte basis concerning only non-substantive matters such as
compensation, scheduling or the status of the Special Master's
work, other than for submission of reports described above.

7. The Special Master may request documents from DOE. Such
documents shall not be further disclosed unless they are
otherwise publicly available.

**Miscellaneous**

8. If DOE objects to any action taken or proposed to be taken by
the Special Master as being unauthorized by this Scope of
Authority, such objection will be resolved in accordance with
the following procedure:

> a. DOE will notify the Special Master and Plaintiffs'
> counsel of such objection.
>
> b. The Parties will have ten (10) business days to reach
> agreement.
>
> c. If the Parties do not reach agreement as to the objected
> action, DOE may move the Court to limit the action of the
> Special Master within twenty (20) business days of
> notifying the Special Master and Plaintiffs' counsel of its
> objection.

d. The Special Master and Plaintiffs may each submit a response to the Court.

e. A motion by DOE pursuant to paragraph 8 shall be granted only upon a finding that the action is unauthorized by the Scope of Authority.

f. Following a notice of objection by DOE, the Special Master shall refrain from performing the objected action for twenty (20) business days, unless DOE makes a motion to the court in that time, in which case the Special Master shall continue to refrain from performing the objected action unless and until authorized to do so by the Court.

9. The Special Master will remain in place until the earlier of (i) two (2) years from the date on which the Special Master reports that it has completed the Work Plan or (ii) the date on which the Independent Auditor certifies that DOE has met the Third Benchmark for two (2) consecutive years, except that either Party may move the Court for earlier or later termination for good cause. The Court retains the discretion to extend the Special Master's term if necessary.

10. DOE will pay the Special Master's reasonable fees and expenses. Objection to a request for payment of fees or expenses incurred by the Special Master shall not be a basis for DOE to object to or refuse to comply with a recommendation made by the Special Master or ordered by the Court.

11. If the Special Master determines that the efficient administration of the Special Master's duties requires the assistance of additional professionals or support staff or expert consultants, the Special Master may submit a work proposal, including an anticipated budget, to the Parties, who will have ten (10) business days to submit comments to the Special Master, after which time the Special Master may submit the work proposal to the Court for consideration.

**SO ORDERED.**

Dated:   May 14, 2021
         New York, New York

*[signature]*
LORETTA A. PRESKA
Senior United States District Judge