UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LV, *et al.*,

                                                                 Plaintiffs,

    - against -

NEW YORK CITY DEPARTMENT OF EDUCATION, *et al.*,

                                                                 Defendants.

------------------------------------------------------------------x

03 CV 9917 (LJP)

[PROPOSED]
**ORDER**

**WHEREAS**, by Order dated January 28, 2021, the Court granted Plaintiffs' motion for the appointment of a Special Master;

**WHEREAS**, by Order dated April 14, 2021, the Court appointed David Irwin of Thru-Ed as Special Master in this action;

**WHEREAS**, by Order dated May 14, 2021 (the "May 14, 2021 Order"), the Court set forth the Special Master's duties and scope of authority;

**WHEREAS**, on June 11, 2021, the Special Master submitted a work plan for the Court's approval;

**WHEREAS**, on September 2, 2021, the Court entered an Order adopting the work plan submitted by the Special Master, as modified by that Order (the "Work Plan");

**WHEREAS**, in order for the Special Master to perform his duties as set forth in the May 14, 2021 Order and further memorialized in the Work Plan, he and consultants and employees of Thru-Ed must review information and documents maintained by the New York City Department of Education ("NYC DOE"), including documents and information maintained in various DOE databases, which contain confidential student identifying information protected by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA");

**WHEREAS**, DOE asserts that before it may properly provide the Special Master and consultants and employees of Thru-Ed with access to FERPA-protected information, FERPA requires that parents be provided notice and an opportunity to object to the disclosure;

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS**:

1. DOE shall provide to the Special Master and consultants and employees of Thru-Ed such information and documents (paper and electronic) as may be reasonably necessary for the Special Master to perform his duties and responsibilities pursuant to the May 14, 2021 Order and the Work Plan, including information and documents containing FERPA-protected information.

2. Such disclosure shall be subject to the notice and objection procedures set forth below.

## NOTICE

3. By no later than five (5) business days after the filing of this Order, and continuing through the conclusion of the Special Master's duties, Defendant NYC DOE shall cause the Notice, annexed hereto as Exhibit A, and Objection Form (Exhibit B) to be posted on or in, or shall cause a link to the Notice and the Objection Form to be posted on or in:

   a. the NYC DOE website (on the page pertaining to impartial hearings); and
   b. once impartial hearings resume in-person, the bulletin board in the impartial hearing office on the second floor of 131 Livingston Street, Brooklyn, NY.

4. The Notice shall be posted on the DOE's website in HTML form in order to allow for automated translations into other languages. The Objection Form will be translated into the following languages and posted on the website: Spanish, Arabic, Bengali, Chinese, French, Haitian Creole, Korean, Russian, and Urdu.

5. NYC DOE shall cause the Notice to accompany all impartial hearing orders issued from five (5) business days after the filing of this Order until the conclusion of the Special Master's duties.

6. By no later than five (5) business days after the filing of this Order, NYC DOE shall provide a copy of the Notice and Objection Form to Plaintiffs' counsel for them to post on their website and to distribute as they deem appropriate to other advocacy organizations and attorneys with a request that they post the Notice and Objection Form on their websites.

## OBJECTIONS

7. All objections to the disclosure of a student's records and the protected personal information contained therein shall be communicated in writing and mailed or emailed to DOE's counsel at the address provided on the Notice and Objection Form by no later than three (3) weeks after DOE provides the Notice and Objection Form to Plaintiffs' counsel, except that for impartial hearing orders issued after that date, objections shall be mailed or emailed within 3 weeks of the issuance of the impartial hearing order. The objections shall be kept confidential, and will be provided only to NYC DOE. No objection will be rejected because it is not submitted on the Objection Form.

8. No document concerning a student whose parents or legal guardians object (or if over the age of 18 or emancipated, who themselves object) shall be produced to the Special Master. However, notwithstanding the filing of an objection, the Special Master may have nominal and incidental access to the names of students on behalf of whom an objection was filed, and such nominal or incidental access shall not be deemed a violation of FERPA.

9. Consistent with the Order appointing David Irwin as the Special Master, any confidential student information may be disclosed only to other employees or consultants of Thru-Ed for the purpose of performing the work described in the May 14, 2021 Order and further memorialized in the Work Plan. Confidential information may be discussed with NYC DOE employees for the purpose of conducting the required work. No confidential student information will be disclosed to Plaintiffs' counsel or to any Plaintiff other than the person about whom the records pertain. No records filed with the court shall contain any student identifying information. The Special Master may include in court filing aggregate information based upon information received the NYC DOE, so long that it does not identify any specific student.

SO ORDERED:

*Loretta A. Preska*
Loretta J. Preska
U.S. District Judge

Dated: November 4, 2021

<u>L.V. v. NYC Department of Education, 03 Civ. 9917 (SDNY)</u>

Parents of children with Individualized Education Programs who received or who may receive an order at the conclusion of an impartial hearing should read the attached notice about possible disclosure of information and documents about their children as part of a federal court litigation.

Translations in Spanish, Arabic, Bengali, Chinese, French, Haitian Creole, Korean, Russian, and Urdu are available on the DOE webpage at [to be determined].

## I.      Notice of Potential Disclosure of Student Education Records

**Please read this notice carefully**. This is a message about possible disclosure of documents or data that might contain information about your child, if your child has been classified as a student with a disability and has been or may be the subject of a final Impartial Hearing Order.

## II.     Nature of the Lawsuit

This lawsuit challenged the failure of the Department of Education ("DOE") of the City of New York to timely implement orders issued by impartial hearing officers in connection with impartial hearings held pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* and N.Y. Education Law § 4401, *et seq.* In 2007, the parties entered into a Stipulation of Settlement (the "Stipulation") in which the DOE agreed to timely implement these orders.

In January 2021, the Court granted plaintiffs' motion for the appointment of a special master. On April 14, 2021, the Court entered an Order appointing David Irwin of Thru-Ed as the Special Master.  On May 14, 2021, the Court entered an Order detailing the duties and authority of the Special Master which include, among other things, the authority to review DOE's processes for implementing impartial hearing orders and to recommend to the Court improvements to enable DOE to timely implement orders a. Pursuant to this Order, the Special Master may have access to education records of students, upon DOE's compliance with the Family Education Rights and Privacy Act (20 U.S.C. § 1232g; 34 C.F.R. Part 99) ("FERPA").

### III. Data Ordered to Be Disclosed

In order for the Special Master to perform his duties, the Court has directed the DOE to provide the Special Master (and employees and consultants at Thru-Ed) with access to records containing confidential student record information, including, but not limited to, documents submitted in the impartial hearing process, impartial hearing orders, data about compliance, and students' special education documents, such as individualized education programs, evaluations, authorizations, invoices, etc. The Special Master is required to keep any student documents and information confidential. No student-specific information will be shared with plaintiffs' counsel unless the student's parent specifically consents. If there is any student-specific information in the Special Master's reports to the Court, that information would not be made public.

The Special Master will use this information only for his work to review DOE's processes for implementing impartial hearing orders and to recommend to the Court improvements to enable DOE to timely implement orders. The disclosure of this information does not affect any of your rights as a parent to seek special education services for your child.

### IV. Objections to Disclosure

If you agree to the disclosure of this information to the Special Master, you do not need to do anything more.

If you do not want your child's information shared with the Special Master, you must object to this disclosure by submitting an objection to DOE's attorney, addressed to:

> Jeffrey S. Dantowitz
> NYC Law Department
> 100 Church Street, Room 2-121
> New York NY 10007

or via email at LVObjection@law.nyc.gov. Please reference the *LV v. DOE* lawsuit (Case No. 03-9917) when writing. An Objection Form accompanies this Notice, though no written objection will be rejected if it is not submitted on this form. If you object, no records containing you and your child's personally identifiable information or other FERPA-protected information will be provided to the Special Master, although nominal and incidental disclosure of your child's name may occur. **Any objections must be received by [insert date, to be determined] or for impartial hearing orders issued after November ____, 2021, within 3 weeks of the issuance of the impartial hearing order.**

**If you would like more information about this notice, please contact the attorneys for plaintiffs, Rebecca Shore, of Advocates for Children of New York, Inc. at 646-532-6078.**

## OBJECTION TO DISCLOSURE OF RECORDS
## LV v. DOE, 03 Civ. 9917 (SDNY)

If you agree to the release of information about your child to the Special Master appointed in *L.V. v. DOE*, you do not need to complete this form.

If you object to the release of information about your child to the Special Master appointed in *L.V. v. DOE*, please compete and return this form to:

>Jeffrey S. Dantowitz
>NYC Law Department
>100 Church Street, Room 2-121
>New York, NY  10007

or via email at LVObjection@law.nyc.gov

Child's name: _____

Name: _____

Address: _____

Impartial Hearing Order Case # (if known): _____

Date of Order (if known): _____

>If you object to the release of your confidential information, please check the line below:
>
>_____   I do not agree to have my confidential records disclosed to the Special Master in *L.V. v. DOE*.

_____          _____
Date                                                       Please sign here

If you object to the release of information, your objection must be received by [insert date, to be determined] or, for impartial hearing orders issued after [insert date of Order], within 3 weeks of the issuance of the impartial hearing order.

  \* \* \* If you do not notify the DOE of your objections to the documents being released, you child's information will be provided to the Special Master appointed in *LV v. DOE*, 99 Civ. 9917 (SDNY) and/or consultants and employees of Thru-Ed. The information will remain confidential and the disclosure of this information will not affect any of your rights to seek special education services for your child.