# Milbank

**JASPER J. I. PERKINS**
*Associate*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5406
jperkins@milbank.com  |  milbank.com

December 21, 2023

**VIA ECF**

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *LV, et al. v. New York City Dept. of Educ., et al.*, No. 03 Civ. 9917

Dear Judge Preska:

      We represent lead plaintiffs and the Class ("Plaintiffs") in the above-referenced action. We write to express Plaintiffs' concern with a key finding by the Special Master in his Program Monitoring Report #1 covering activities through December 1, 2023 (Dkt. No. 333, the "Report")—namely, that items required by the Court's July 19, 2023 Order Implementing the Special Master's Recommendations (Dkt. 328, the "Order") could not be implemented, or implemented fully, by Court-ordered deadlines due to lack of funding.

*Background*

      On July 19, 2023, the Court ordered the Department of Education ("DOE") to implement approximately forty obligations ("Obligations") for improving the DOE's system for fulfilling Impartial Hearing Orders. *See* Order at 1-12. Most Obligations had fixed deadlines—ranging from 45 days to more than a year—to ensure compliance and accountability. These deadlines were extensively negotiated by the parties with the aid of the Court and the Special Master. Many of the Obligations required the DOE to invest in additional staff, technology, or other resources, and thus required additional funding on top of the amounts already allocated to the Impartial Hearing Order implementation system. Indeed, according to the Special Master, approximately one third of the Obligations entail investments in personnel and technology which "[b]y definition" are likely to require additional funds. Report at 9.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Sixteen Obligations were due within the period covered by the Report: Obligation 24 (due by September 4, 2023); Obligations 3, 12, and 21 (due by September 19, 2023); Obligations 1, 2, 4, 6, 7, 15, 17, 18, 25, and 26 (due by October 19, 2023); and Obligations 39 and 40 (due by November 19, 2023). *See* Report at 6-7.

Pursuant to the Order, the Special Master is required to file with the Court every 120 days a report setting forth, among other things, "the Special Master's analysis as to whether each Obligation has been fulfilled," and, for each Obligation not fulfilled by the ordered deadline, "the impediments to fulfilling such Obligation, the measures necessary to overcome such impediments, and the timeframe for fulfilling the Obligation." Order at 9 (¶ 39); Report at 3.

*The Special Master's Findings*

In the Report, the Special Master concluded that five of the sixteen Obligations due by November 19, 2023 were "not yet fulfilled": Obligations 7, 12, 17, 26, and 40. *See* Report at 7.[1] "The biggest issue" impeding fulfillment of the Obligations, the Special Master found, is that "new personnel and technologies are needed by DOE to improve the timeliness of implementations" but "*new funds have still not been attained for this work*." Report at 9 (emphasis added). In particular, the Special Master noted that Obligation 40, which requires the DOE to "identify a part-time resource (50%) focused on recruiting and hiring staff for the Implementation Unit," has been impeded in part because the DOE has requested, but apparently not received, the necessary funding. Report at 27. The Special Master also noted that the DOE reported that other Obligations were only "tentatively" fulfilled due to a lack of funding. *See id.* at 21 (Obligation 25 only "tentatively" fulfilled in part because "[d]ependencies include resources/funding for the additional team, and as per other notes in this report, the budget is pending request to OMB [the New York City Office of Management and Budget] at the time of this writing.").

The Special Master further found that, although the DOE apparently has requested funds to implement the Obligations from the Office of Management and Budget, its request "is following the City's budgeting process, which is currently hamstrung by the City's current spending and hiring freeze." *Id.* at 9. The Special Master noted that while the timeline for the DOE to obtain funding is "unclear," he expects it will occur "no earlier than Q2 2024, and therefore, of the obligations due in January 2024 (10), at least half will not be fulfilled on time"—on top of those that already are past due. *Id.*; *see also id.* at 13 (noting that delay in DOE obtaining funding "will result in necessary funding being awarded after the due dates of respective obligations").

The Special Master further urged: "all Parties, the Court, NYSED, NYC OMB, City Council and the Mayor must make all attempts outside traditional channels to identify near-term/interim emergency funding to initiate the work of the obligations requiring resources. *Each*

---

[1] These Obligations are set forth in the Appendix to this letter. The Special Master found that Obligations 12 and 17 had not been fulfilled as of the filing of the Report, but subsequently informed Plaintiffs that he determined that they were fulfilled (Obligation 12) or mooted (Obligation 17) after the Report was filed.

Hon. Loretta A. Preska
Page 3

day that passes, thousands of our most vulnerable children are not getting services they need when more steps could be taken." Report at 10 (emphasis added).

*DOE Must Have the Funding Required to Implement the Court-Ordered Obligations*

The Special Master's most recent findings echo those he reached in the course of preparing the Obligations and embody a long-running theme in this case: the DOE has chronically blamed lack of funding for failures in technology, personnel, and other resources needed to timely implement Impartial Hearing Orders. The Special Master's findings are all the more concerning for two additional reasons. First, many Obligations that are due in the coming weeks and months also will require additional funding for new hires, technology, training, and other measures—and thus are likely also to go unfulfilled if the current status quo holds. Second, as has been widely reported, the DOE and other city agencies face massive budget cuts, which will only exacerbate existing delays and impediments to implementing the Obligations.[2]

Plaintiffs would welcome the input of the Special Master, the DOE, and the Court on the foregoing topics. The Special Master's Report suggests that any hope that the Order would finally cure the DOE's Impartial Hearing Order system will prove illusory unless prompt action is taken.

Respectfully submitted,

*/s/ Jasper J. I. Perkins*
Jasper J. I. Perkins
Milbank LLP

Rebecca C. Shore
Advocates for Children

cc:   All counsel of record (via ECF)

---

[2] *See, e.g.*, Emma G. Fitzsimmons, *Eric Adams Slashes Budgets for Police, Libraries and Schools*, N.Y. Times (Nov. 16, 2023), https://www.nytimes.com/2023/11/16/nyregion/nyc-budget-cuts-schools-police-trash.html; Michael Elsen-Rooney and Alex Zimmerman, *Eric Adams axes $547 million from NYC Education Department budget, more cuts on the* way, Chalkbeat New York (Nov. 16, 2023), https://www.chalkbeat.org/newyork/2023/11/16/nyc-education-department-loses-547-million-in-eric-adams-cuts/.

Hon. Loretta A. Preska
Page 4

**Appendix – Obligations Due By November 19, 2023**
**But Not Fulfilled as of the Filing of the Special Master' Report**

- **Obligation 7**: Within three months of the date of this Order, the DOE will identify a file-sharing process and tool to improve transparency of all documentation presented as evidence at the hearing so that all pertinent documents can be continually accessed by the Implementation Unit

- **Obligation 12:** Within two months of the date of this Order, the Implementation Unit will assign resources to flag incoming orders deemed high priority, as the DOE and Plaintiffs agree upon the term "high-priority." The Implementation Unit will triage and route orders accordingly. The DOE should consult and obtain feedback from Plaintiffs on what orders should be deemed "high priority." Should the DOE and Plaintiffs fail to agree on what orders should be deemed "high priority," the Special Master will advise the Parties and/or raise the issue with the Court for determination.

- **Obligation 17**: Within three months of the date of this Order, the DOE will share common documentation among the internal DOE units that are involved in addressing due process complaints and the implementation of impartial hearing orders, and such other units as the Special Master may determine.

- **Obligation 26**: Within three months of the date of this Order, the Special Master and the DOE will identify the types of action items that require the greatest levels of effort to process as well as those most likely to contribute to the backlog of hearing order implementation. Based on the analysis, the DOE will develop solutions to remove the causes for the backlog attributable to the DOE.

- **Obligation 40**: Within four months, the DOE will identify a part-time resource (50%) focused on recruiting and hiring staff for the Implementation Unit.