

**thru**

Planning | Advisory | Research

January 26, 2024

<u>**VIA ECF**</u>

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

<u>**Re: LV, et al. v. New York City Dept. of Educ., et al., No. 03 Civ. 9917**</u>

Dear Judge Preska:

As requested, I am writing in response to a letter to Your Honor from Plaintiffs' representation on December 21, 2023 (ECF No. 334), concerning the funding required to fulfill many of DOE's obligations to the Court.

As you will recall, in my last report (ECF No. 333) on the status of the DOE's obligations to the Court, I highlighted the primary risk to DOE's fulfillment of these obligations being the inability to secure funding needed for certain obligations, (e.g., customer support hotline, salary for additional staff). The overall timing of this budgeting process has already delayed the fulfillment of a number of obligations, the concerns raised by Plaintiffs and myself.

After the order by Your Honor on July 19, 2023, the DOE and I began discussions of schedules and when obligations will be fulfilled. The DOE quickly raised a potential obstacle stemming from the Mayor's current public position (at that time) that 2024 would bring severe budget cuts to Mayoral agencies citywide, DOE included, and that City agencies must maintain a freeze on hiring, indefinitely. Therefore, the significant milestone to launching the work of these obligations would be securing funding through the City's annual financial planning process led by the NYC Office of Management and Budget (OMB). The DOE developed a budget request this past Fall with details of the necessary personnel and non-personnel costs it would take to make the improvements outlined in the obligations, and it was submitted to OMB accordingly. I reviewed the budget request, but did not provide input into this process, and was pleased with what DOE developed and submitted.

thru

On January 16, 2024, OMB released Mayor Adam's *Financial Plan Detail* for [Fiscal Years 2024 - 2028](). As you will see on E-54 (p.126 of the PDF), $25M has been budgeted for FY 2024 for the **LV Order**. Additionally, approximately $130M has been allocated for FY 2025 through FY 2028. I applaud the Mayor and DOE's leadership in making this decision. Effectively managed, the available funding can be a pathway to greater cost savings for the DOE in the future.

My concern now shifts to the fact that the funds for FY 2024 must be allocated by the end of the fiscal year, June 30, 2024, (five months from this writing). This requires immediate urgency on the DOE's part to focus on the prioritization of spending and the subsequent processes reliant on (unnecessarily exorbitant) procurement timeframes. The way to meet these timelines is for DOE leadership to act immediately. I strongly encourage DOE to continue their planning and prioritization of specific budget line items so as to authorize spending. There are specific administrative actions that do not require funding to proceed and can begin immediately, (e.g., drafting RFPs, writing job descriptions).

I concur, of course, with Mr. Perkins in the Plaintiffs' letter, and his point stands in light of the Mayor's recent decision, that *any hope that the Order would finally cure the DOE's Impartial Hearing Order system will prove illusory unless prompt action is taken*.

I am confident DOE leadership will act on this opportunity. Standing by, should you like to discuss this matter further.


Yours sincerely,

David Irwin
Thru Consulting, LLC


cc:   Jeff Dantowitz, Esq.
      Jasper Perkins, Esq.
      Rebecca Shore, Esq.
      Elizabeth Vladick, Esq..