

# Advocates for Children of New York
*Protecting every child's right to learn*

August 21, 2024

<u>Via ECF</u>

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

**Board of Directors**
Kimberley D. Harris, *President*
Harriet Chan King, *Secretary*
Paul D. Becker, *Treasurer*
Eric F. Grossman, *President Emeritus*
Carmita Alonso
Matt Berke
Whitney Chatterjee
Matt Darnall
Jessica A. Davis
Brian Friedman
Caroline J. Heller
Jamie A. Levitt, *past president*
Maura K. Monaghan
Jon H. Oram
Jonathan D. Polkes
Victoria Reese
Ashish Shah
Veronica M. Wissel

**Executive Director**
Kim Sweet

**Deputy Director**
Matthew Lenaghan

   Re: *L.V., et al. v. New York City Dep't of Educ., et al.*, No. 03 Civ. 9917

Dear Judge Preska,

 We represent lead plaintiffs and the Class ("Plaintiffs") in the above-captioned action.  We submit this letter in response to Defendants' July 17 and August 9, 2024 letters to Your Honor.  *See* Dkt. Nos. 350, 354.  At the May 30, 2024 conference, the New York City Department of Education ("DOE" or "Defendants") represented that an array of new documentary and ministerial controls is required to prevent fraud in the impartial hearing order system.  As Plaintiffs explained at that conference and in our July 11, 2024 letter (Dkt. No. 348), there are measures that Defendants can take to prevent fraud that are much less complex and burdensome on parents.  Defendants do not address these in their correspondence.  Moreover, contrary to Defendants' representations in their July 17 and August 9 letters, the burdens that Defendants are now placing on parents are inconsistent with, and significantly more onerous than, the requirements for implementation in their Help Us Help You guide, which remains the only resource for parents on the DOE's website that covers implementation requirements.

 With regard to the prevention of fraud, Defendants contended at the May 30 conference and again in their July 17 letter that the additional burdens apply only to

Advocates for Children of New York
Protecting every child's right to learn

orders for Special Education Teacher Support Services ("SETSS") for children with IESPs (parentally placed in private school without DOE payment). *See* Dkt. No. 350 at 4; *see also* Dkt No. 350-1 at 14-15. Contrary to this representation, Defendants are requiring *all* communication to be from parents for *all* orders for payment (including for tuition, meals reimbursement, and transportation payment) for both students with IEPs and students with IESPs. *See* Pls.' July 11, 2024 letter, Dkt. No. 348, at 3.

In their July 17 letter, Defendants point to instances of documentary or similar ministerial faults in seven implementation cases, which they claim justify stricter controls, including obtaining documents directly from parents. *See* Dkt. No. 350 at 7-9. It is worth noting that in each of those seven cases, the DOE caught the errors – none of which is alleged to have been fraudulently made – merely by examining documents that were submitted. Plaintiffs do not challenge Defendants' need to examine documents and records to ensure that payment complies with an Order. But Defendants do not explain why a parent's submitting documents (rather than the provider doing so) would have prevented the identified errors, nor do they explain why the controls that Plaintiffs proposed in our July 11 letter would not achieve the same goal of fraud prevention.

Defendants suggest that the impartial hearing officer does not have sufficient evidence to evaluate service providers in pendency cases. In the two pendency cases the DOE cites in their July 17 letter, however, pendency was pursuant to an agreement, not an Order. *See* Dkt. No. 350 at 7, 9 (discussing Case Nos. 254952 and 259675). Unlike a pendency Order that is issued by an impartial hearing officer after an initial pendency hearing, where evidence about the pendency services and provider are entered and the Order is subject to this litigation, a pendency agreement is an agreement to provide services signed by the DOE without a hearing or Order. Pendency agreements are not Orders, and thus are not subject to this litigation.

Indeed, Defendants' July 17 letter demonstrates the unnecessary burden that the DOE is now imposing on parents. Defendants state that they require the provider's Taxpayer Identification Number ("TIN") to confirm payments, that "[i]naccurate vendor information may result in funds being disbursed to the incorrect person/vendor, missing checks, or overpayment," and that "[v]endors must comply with applicable tax laws." Dkt. No. 350 at 6. Vendor information is more likely to be accurate and compliant with the tax laws if the vendor provides the information directly to the DOE, rather than requiring the parent to collect the information from the vendor and transmit the information in the very specific format that the DOE now requires.

Plaintiffs' July 11 letter also sets forth in detail the inconsistencies in the public messaging regarding the requirements for parents to secure payment for ordered services and tuition. As discussed in that letter, Defendants' Help Us Help You guide authorizes providers to contact the DOE about ordered payments directly, but Defendants' current requirement that all communications with the DOE come from parents – and not providers – is inconsistent with that authorization. The inconsistencies in messaging, along with the additional new burdens that the DOE's Implementation Unit is placing on parents, create confusion and delay in securing implementation of impartial hearing orders.



In response to Your Honor's August 7, 2024 Order that Defendants address inconsistencies and confusion over requirements for implementation, Defendants state that they will be issuing a new Help Us Help You guide by December 6, 2024 – more than a year after Defendants issued the current Help Us Help You guide, and more than a year after Plaintiffs' counsel and the Special Master provided Defendants with feedback on the guide.  Although Plaintiffs' counsel expressed concerns in October 2023 about the additional burdens that the Help Us Help You guide placed on parents, Defendants have never responded to those concerns.  Now, Defendants claim that they are "gathering feedback" on a customer service platform that they claim will inform the new Help Us Help You guide.  Dkt. No. 354 at 1.  Notably, however, despite requests from Plaintiffs' counsel and the Special Master, Defendants have stated to the Special Master that they are intentionally excluding Plaintiffs' counsel from providing feedback on the customer service platform.  Instead, Defendants have unilaterally selected an unknown number of unidentified parent representative attorneys to offer feedback on the customer service platform.  Defendants are not seeking feedback from counsel for the Class in this litigation, and Defendants' efforts therefore do not seem aimed at addressing Plaintiffs' concerns or alleviating implementation-related burdens on the Class.

\*     \*     \*

As described in more detail in Plaintiffs' prior submissions, the requirements that the DOE has placed on parents to secure payments for ordered services are unnecessarily burdensome and result in undue delay in students receiving the services that they need.  Plaintiffs respectfully request that the DOE be ordered to pay for ordered services in the most efficient manner possible with the minimum reasonable burdens upon parents, such as the measures set forth in Plaintiffs' July 11 submission to your Honor.

Respectfully Submitted,

 */s/ Rebecca C. Shore*
Advocates for Children of New York

Jasper J. I. Perkins
Milbank LLP

cc:   All Counsel of Record (via ECF)