

Planning | Advisory | Research

September 13, 2024

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: LV, et al. v. New York City Dept. of Educ., et al., No. 03 Civ. 9917**

Dear Judge Preska:

As requested, I am writing in response to recent letters submitted by Plaintiffs and NYCPS (ECF No. 348, 350, 354, 355) stemming from our meeting on 5/30/2024 and your Order on 8/7/2024 (ECF No. 353), asking NYCPS to respond to concerns about their new process and communications around authorizing payments.

As you will recall, earlier this year, NYCPS changed the process and policy around reimbursements to vendors and providers, the 'authorization' workflow. Where before providers and vendors would submit their paperwork to NYCPS to 'authorize' the payment, NYCPS now requires the parents and/or advocates submit this paperwork on behalf of the vendor. There has been much discussion (and letters) on this topic, and as you will see on the attached table, I recommend NYCPS either (a) produce evidence of widespread fraud they are aiming to prevent, or (b) revert to the prior process and workflow; I have asked NYCPS to provide this evidence and this request remains outstanding as of today.

On the subject of authorizing payments, obligation #9 of Your Order on 7/19/2023 (ECF No. 328) states that NYCPS must "publicly provide a list of those documents on the DOE's website." As previously raised by Plaintiffs and myself, the communications on the webpage are not clear enough for parents. Although DOE has recently made updates to the webpage, there is still a lack of alignment with the "guide." I have analyzed its specific contents, developed a series of recommendations to improve these communications and shared with Plaintiffs and NYCPS for their review and feedback. After considering their feedback and making changes where warranted, I have finalized a list of changes and enhancements that NYCPS should implement to the webpage and its contents.

As a next step, I propose following the same processes I have been using to monitor and report on the implementation of each obligation detailed in Your Order on 7/19/2023 (ECF No. 328).

I am happy to discuss this matter further at your convenience.

Yours sincerely,

David Irwin
Thru Consulting, LLC

cc:   Jeff Dantowitz, Esq.
      Jasper Perkins, Esq.
      Rebecca Shore, Esq.
      Elizabeth Vladeck, Esq.

**Attachment**

Payment and Authorization Website
Special Master Guidance

v.09132024

**Process Changes**

| # | Type | Issue | SM Guidance |
|---|------|-------|-------------|
| 1 | Process Changes | NYCPS has changed their process for authorizing payments to parents/providers, placing the burden of submitting authorization documentation on the parent. Per Judge Preska's request, NYCPS has not fully explained how the new process will protect the City from fraud or if there are better processes to employ. As Plaintiffs stated, the NYCPS listed representative cases in their 7/17 letter that were primarily caused by manual error and were caught.<br><br>I understand there are other cases in which NYCPS has determined invoices were being submitted for services the parent was not aware of, that some firms have been investigated, and the NYCPS has engaged E&Y to audit records for overpayment for select providers.<br><br>I also understand that when IHMS is implemented the authorization workflow will be much more efficient allowing the solution to help automate the approval processes. | NYCPSs abrupt change of process with regard to providers submitting authorization documentation has resulted in unnecessary burdens on parents and advocates. This burden seems disproportionate to the fraud issue NYCPS is trying to solve. I believe there are other ways to detect these types of fraudulent activities. While I have requested proof or data that supports NYCPSs change in process, I have yet to see any evidence that supports such a change. Absent validated data or measures of systemic fraud (not manual errors) that necessitated this process change, I am recommending the following:<br><br>NYCPS should return to its previous practice of allowing providers to submit authorization documentation to IU provided they;<br>1. Follow the guidance laid out on the Payment & Authorization webpage provided by NYCPS (including changes recommended below)<br>2. Copy the parent and/or attorney on these emails<br><br>Potential options to identify and prevent fraud that would not place the burden on the parent/attorney:<br><br>1. Audit select cases by asking select parents to confirm services.<br>2. Monitor data looking for evidence of repeat submissions and non-delivered services (as per E&Y findings). |

| 2 | Process Changes | Providers/schools are reporting that they now must interact with both DFO and IU in the course of the payment processes post authorization and that they sometimes receive conflicting information on the submission of information/documentation from the different offices.  Additionally, providers/schools are also reporting that they are prohibited from speaking directly to DFO and must go through a parents' attorney even after authorization has been granted. | NYCPS has established a community support and engagement team that will eventually serve as the main point of contact for all stakeholders. NYCPS should, in the interim, evaluate the payment/authorization processes and communications between DFO and IU and implement any new processes that support better collaboration between offices; report back findings and planned process improvement recommendations.  Update guidance to reflect the specific protocols for engaging with DFO. |

| # | Type | Issue | SM Guidance |
|---|------|-------|-------------|
| 1 | Content | The _Authorization and Payment Guide_ (pdf) and the content on the website include similar topics but do not match. | NYCPS has recently updated the webpage for Payments and Authorizations pointing individuals to the linked guide, which is the version from October 2023. The document was not updated. NYCPS should eliminate the PDF and migrate all content to the webpage itself, updated to reflect the guidance throughout this document. The new webpage should be parent-friendly and the single source of guidance for Payments & Authorizations. For additional guidance on updating NYCPS's website, see items 2-4 below. |
| 2 | Navigation | The main heading of the website is unclear - the title is "Impartial Hearing Order Implementation Unit." | NYCPS recently re-titled the page to "Impartial Hearing Order Implementation". We agree with this update, as it pertains to payments and reimbursements for parents/advocates. Please refer to #12 for additional guidance. |
| 3 | Layout and organization | It is not clear who the website is for, i.e., the initial body/content of the page starts out by talking about who the Implementation Unit is. 'On this page…' the content is too vague. | Re-design the "on this page" box to clearly organize the page, including information and content, by user. For example, content should be organized by group, such as; parents, advocates, providers, etc. and the actions and documentation should be clearly laid out within each grouping e.g., _Who am I? What do I want to do? What do I want to do? What questions might I have?_ |

| # | Type | Issue | SM Guidance |
|---|------|-------|-------------|
| 4 | Layout and organization | Content throughout the website is organized in outline bullet form by type of order, so parents or schools must scroll through a lot of information that might not pertain to them. | Reorganize the content of the page into expandable/collapsible menu structure (or equivalent) by category/audience.<br><br>Organize content from sections 3-7 of the current guide by role so that users are able to more easily navigate the directions<br><br>NYCPS has indicated they are looking into adding this functionality. |
| 5 | Content | It is unclear who can submit payment documentation to the NYCPS (and when). Language does not always include process steps, including who can submit and when. For example, the section titled "Payment Directly to a School or Provider" does not clearly specify who should submit the documentation. | NYCPS added some contact information to the webpage but NYCPS needs to clearly state in the guidelines who can submit the documentation for payment and when they should do so. |
| 6 | Content | On page 3 of the guide, NYCPS addresses how different documentation is required based on different types of action items. Specifically, "Please note that the language in an impartial hearing order may change the standards for documentation codified in this guide." The guidance on the documentation needed is unclear. | Re-word to instead read "Hearing Officers are, by law, given discretion to order certain requirements, including what documentation might be required for authorization. This could, by definition, change some of the documentation guidance on this webpage." |

| # | Type | Issue | SM Guidance |
|---|------|-------|-------------|
| 7 | Content | On page 6 of the guide, NYCPS specifies that Loan Agreements are required documentation (i.e. submitted as Proof of Payment when submitting for reimbursement)<br><br>This documentation seems to be burdensome and irrelevant, provided proof of payment such as a receipt, etc. is submitted. | NYCPS should only require proof of payment made, (e.g. receipt from provider, etc.). Unless there is evidence shared otherwise, it is our understanding that per previous case law, loan agreements do not serve as proof of payment. |
| 8 | Content | On page 6 of the guide, NYCPS specifies Notarized Statements as proof of payment for cash payments and says that they need this documentation for audit purposes.<br><br>As indicated in the Comptroller's declaration dated 7/19/23 the Comptroller does not require any particular documentation for payment/audit. | Update guidance to reflect that if the amount is specified in the order, the NYCPS should not require notarized statements, but they can still be provided as *optional*. If the amount is not specified in the order, the parent/payer should provide a receipt for reimbursement or other reliable proof of payment, such as a credit card statement or affidavit of amount paid from the school/provider. Only if a receipt is not available, should a notarized statement be provided. |
| 9 | Content | On page 7 of the guide, it is unclear the intent of this section "Additional Document Notes for Reimbursement" - it reads as a suggestion rather than a process. | Clarify whether this section includes a list of required or optional steps. Update the heading to reflect this. |

| # | Type | Issue | SM Guidance |
|---|------|-------|-------------|
| 10 | Content | On page 7 of the guide, the NYCPS asks for SSN to be included for all reimbursements made to parents. In a 2013 decision, NYSED shared that the NYCPS was prohibited from requesting taxpayer information from parents in relation to impartial hearing orders. The use of SSN conflicts with New York City Human Rights Law, which prohibits discrimination based on immigration and citizenship status.<br><br>The NYCPS letter to the Court on 7/17 only seemed to touch on TIN/vendors. The NYCPS has not explained why an SSN is required of the parent. The instructions listed on page 7 of the guide states it is required for every payment but there does not seem to be a FISA policy that dictates this when in fact there is the State/City guidance that contradicts this guidance. | Remove SSN as a requirement for reimbursement to parents.<br><br>For providers and schools, we understand that SSN/TIN is required to register with FISA/PIP or FMS for payment, but after that there does not seem to be a valid reason to have to submit it again. An alternative process for a unique identifier needs to be listed for those without a SSN. Move this guidance to section 6 "NYC Payee Information Portal (PIP)". |
| 11 | Content | On page 10 of the guide, the NYCPS lists the Direct Deposit process, but does not describe all of the details/instructions. | Add direct deposit instructions into section 6 of the guide adding in the term "Direct Deposit", including alternative directions on receipt of payment for those who do not have direct deposit, and remove the "Direct Deposit" section from page 10. |
| 12 | Content | The Implementation Unit webpage only contains information about payment action items. It does not include information for parents about services action items. | Organize the IU/Implementation webpage into different pages for payment action items and service action items. |