# EXHIBIT 3



**Office of Administrative Trials and Hearings**

100 Church Street, 12th Floor, New York, New York 10007

| | |
|---|---|
| **Asim Rehman**<br>Commissioner &<br>Chief Administrative Law Judge | **Olga Statz**<br>Deputy Commissioner &<br>General Counsel |

November 3, 2023

<u>Via Electronic Mail</u>
Liz Vladek
General Counsel
New York City Public Schools

Dear General Counsel Vladek,

I write on behalf of the New York City Office of Administrative Trials and Hearings in response to your letter dated November 1, 2023, regarding OATH's Special Education Hearings Division (OATH SEHD).

As you know, since its inception over 40 years ago, OATH has functioned as New York City's central, independent administrative law tribunal, and its mission has been to ensure that all who appear before it receive a full and fair opportunity to be heard and a timely resolution of their matter. When OATH was made a Charter agency, the Report of the Charter Revision Commission, Vol. 2 at p. 103 (April 1989), noted that "[t]he purpose of formalizing OATH in the charter is to establish *an independent adjudicative body* that can be a resource to agencies in conducting their adjudications, while at the same time establishing an independent structure outside of the agency *to provide an unbiased assessment of the matters to be adjudicated*." (Emphasis added). Thus, OATH was not at any point in its history designed to function as the adjudicative arm of any filing agency, nor as its agent or assistant. It was, rather, established to function exclusively as a neutral forum before which two parties, deemed to be on an equal footing, bring their claims and defenses to have them judged on their merits. The principles of fairness, impartiality, and due process demand such independence, and the hundreds of

thousands of individuals, families, parents, businesses, and public servants who appear annually as respondents in cases at OATH expect no less.

Consistent with this mandate, all OATH adjudicators – whether Administrative Law Judges in the Trials Division, Judicial Hearing Officers in the Hearings & Appeals Divisions or now, OATH SEHD Impartial Hearing Officers (OATH IHOs) in the Special Education Hearings Division – act as independent decisionmakers bound only to render determinations based on the law and facts before them in an individual proceeding.  As such, OATH IHOs, like their colleagues in the other divisions, are given broad discretion to render determinations and are not directed by OATH leadership how to rule on individual cases. As has already been demonstrated in the thousands of special education cases already adjudicated at OATH over the last two years, OATH IHOs have adopted this ethos and render impartial, analytically sound determinations based on the facts and law before them.

For these reasons, and consistent with the stance it has assumed with all city agencies, OATH cannot and will not entertain New York City Public School's (NYCPS's) request to circulate to OATH IHOs a statement of NYCPS's litigation strategy, policy objectives, and priorities, or to advise the OATH IHOs to give serious consideration to NYCPS's position. A general notice to OATH IHOs outside of the hearing context is neither required nor appropriate. Rather, NYCPS is invited to make its position clear during individual hearings, consistent with established procedure. Specifically, in the context of all relevant proceedings, NYCPS attorneys may make appropriate motions to the presiding OATH IHO to seek the engagement of a student's representative family member at a hearing, to demand and examine the identity and qualifications of a provider, or to argue for a particular market rate. That presiding IHO, in turn, will exercise their discretion in ruling on that motion.[1]

OATH acknowledges that the November 1, 2023, letter expresses NYCPS's concerns with a variety of public policy and legal issues.  NYCPS is free to hold those concerns, to express them, and to avail itself of all appropriate mechanisms, laws, and resources to address these concerns – including reporting potential misconduct, abuse, and fraud to the Department of Investigation.  In the context of

---

[1] By contrast, where New York City Public Schools and OATH need to engage with each other on matters related to the general logistics or administrative handling of cases, such engagements do not compromise OATH's independence.  As an administrative tribunal that is part of city government, OATH regularly corresponds with filing agencies on a broad range of logistical and operational matters (e.g., the processing of summonses, the filing of cases, the information systems that facilitate case management, etc.) that have nothing to do with the filing agency's litigation strategy or enforcement policy.

individual adjudications, however, OATH maintains, as noted above, that the appropriate manner for NYCPS to raise those concerns is with the individual OATH IHO within the context of the hearing. In that way, the questions may be assessed based on the law and facts relevant to that particular case and with appropriate notice to the other party.

Finally, OATH does appreciate the acknowledgement of its achievements since it began adjudicating these proceedings, including the reduction of case completion time. Such gains are to the benefit of parents, students, and NYCPS alike. OATH will do its best to sustain this progress in the face of the significant increase in DPC filings noted in your letter. OATH likewise appreciates the efforts that all parties, including NYCPS, have made to increase efficiencies in the resolution of these cases.

Respectfully,

*olga statz*

Olga Statz
Deputy Commissioner and General Counsel
New York City Office of Administrative Trials & Hearings

cc:
Noel Garcia, Deputy Commissioner, OATH Special Education Hearings Division
Daniel Morton-Bentley, General Counsel, New York State Education Department