

April 1, 2025

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: LV, et al. v. New York City Dept. of Educ., et al., No. 03 Civ. 9917**

Dear Judge Preska:

I am writing to provide an update on NYCPS's progress in response to Your Order dated February 20, 2025 (Dkt. No. 377).  Your Honor ordered NYCPS to take two actions:

1. Produce a detailed report outlining the specific barriers and constraints impeding the development and implementation of the Impartial Hearing Management System (IHMS), including but not limited to staffing and contracting challenges. DOE shall also provide specific, time-bound recommendations to resolve these obstacles.
2. Identify and onboard an individual or individuals with demonstrated expertise in communications from outside the Office of the General Counsel to assume responsibility for the communications functions of the Implementation Unit.

On March 13, 2025, NYCPS filed a letter (Dkt. No. 379) in response to Your Honor's Order. Their letter included a description of the IHMS timeline and an appendix outlining four issues and recommendations. The letter also stated that NYCPS has identified an individual from the department's Communications and Media Relations Office to serve as an Interim Communications Advisor and that they intend to post for a full-time position dedicated to public-facing communications.

Additionally, on March 10, 2025, Plaintiffs filed a letter (Dkt. No. 378) detailing their assertions that NYCPS has failed to comply with Your Honor's directive during a meeting with Your Honor on December 5, 2024.

I have had the opportunity to review these aforementioned letters as well as interview select DOE personnel as well as met with Plaintiffs and therefore offer my feedback and recommendations as it relates to these matters below.

**Communications**

I interviewed the interim NYCPS Communications advisor and am impressed with his background and the ideas he has shared with me about improving communications with parents, advocates, and providers. As he begins his assessment of current practices, I have encouraged him to meet with Plaintiffs and other advocates and providers to collect their feedback. I also shared the results of the survey I conducted regarding NYCPS's recent SupportHub launch and training provided in January 2025. I plan to monitor his progress and conduct additional interviews with him and his team as needed.

**IHMS Implementation Barriers and Constraints**

In the appendix of NYCPS's aforementioned March 13, 2025 letter, NYCPS included a table of issues and recommendations. My assessment of each is as follows:

1. **OMB Funding for IHMS Phase 2** NYCPS: The Office of Management and Budget (OMB) has approved the amended cost required for continuation of IHMS Phase 2 on 2/26/2025. The OMB Approval states that "the Comptroller shall make the estimated project costs available for expenditure."
   - *Special Master Feedback: As NYCPS indicates, this funding is essentially for the continuation, not the completion, of IHMS Phase 2. More specifically, as noted in the next item, it is only for funding through 2025. This means that NYCPS will soon have to request 2026 funding and negotiate a contract with IBM again. Unless NYCPS can fully develop, test and launch IHMS in 2025, I would recommend that, to the extent possible, NYCPS, OMB, and the NYC Comptroller also budget and approve expenditures necessary to complete IHMS according to IBM's work plan; and initiate those discussions soon.*

2. **IHMS Contract Amendment NYCPS:** NYCDOE and DOE Vendor (IBM) are currently finalizing the Contract Amendment for IHMS Phase 2, including updating the Data Rider and changing the Contract End Date to 12/31/2025. Thereafter, the Contract Amendment will be signed and registered with the NYC Comptroller's Office; the registration process is estimated to be 30 days. NYCDOE recommends continued internal coordination between the Office of the General Counsel (OGC), Division of Instructional and Information Technology (DIIT), Division of Contracts and Purchasing (DCP), and external coordination with the NYC Comptroller's Office to track the registration of the Contract Amendment.
   - *Special Master Feedback: While NYCPS recommends further coordination, the challenge remains that due to delays in this process, the IBM team will not establish full capacity until after the contract is registered with the Comptroller "by May 2025." This leaves only seven months to finalize all requirements, develop functionality, create reports, integrate with other systems, test the system, and conduct user testing by the end of this year. Given the pace of Phase 1 development, I find this assertion unrealistic; therefore, please see my recommendation in point #1 above.*

2

3. **Approval of Business Requirements Documentation for IHMS Phase 2 DOE:** There are 6 Business Requirements Documents (BRDs) within the scope of IHMS Phase 2. Currently, 3 of the 6 BRDs have been approved. The remaining BRDs need to be reviewed and approved by the relevant NYCDOE offices and internal stakeholders. Once the BRDs are signed, the IBM development team will create wireframes and demos based on the business requirements. Thereafter, IBM will proceed with technical development and User Acceptance Testing (UAT) for IHMS Phase 2. NYCDOE recommends that the relevant NYCDOE offices and internal stakeholders prioritize the review and approval of BRDs and ensure that IBM and NYCDOE are fully prepared to move forward once the Contract Amendment is registered, and IBM can resume its work in a full capacity. NYCDOE also recommends that the OGC Executive Project Sponsor continue to monitor the progress of BRD approvals. Currently, IBM and NYCDOE offices have standing meetings twice per week to finalize the BRDs. It is expected that these meetings will occur from now through the end of April 2025.
   - ***Special Master Feedback****: I agree with this recommendation.*

4. **Staffing:** NYCDOE managers continue to have competing priorities between the day-to-day operations of implementing orders and the work of complying with the forty mandates of the July 2023 LV Order and the December 5 Court Directive for the Vendor Pilot. NYCDOE recommends cross-training the new managers and team leads that were onboarded in August 2024, and providing additional managerial training so that the new managers can contribute to the development of IHMS Phase 2, including providing feedback about wireframes and demos, and participating in UAT testing. Further, NYC DOE recommends that the Implementation Unit continue to hire and onboard staff under the FY25 New Needs and provide training to ensure that all business functionalities are covered.
   - ***Special Master Feedback:*** *As stated elsewhere, NYCPS misunderstood the orders in the December 5 Court Directive and unilaterally determined the solution was a "vendor pilot," which was not discussed. Adding additional staff to the Implementation Unit has always been a goal and so I do not see how this recommendation is different from what is already being done. I would recommend a more specific plan related to the staff who will be dedicated to the IHMS work, (and how, when, etc.).*

In addition to the above, my team's supplemental recommendation around development of IHMS is to:

- To the extent possible, ensure SMEs are made available to the project at least 3 days/week during peak testing phases.
- Have IBM work in "continuous validation" mode - meaning that the development team performs regular demonstrations of functionality once it is developed, instead of waiting for the User Acceptance Testing (UAT) period which is later in the process.
- Ensure that DIIT has technical resources dedicated to the project who can solve infrastructure issues to avoid protracted downtimes that have occurred in the past.

**Remaining Items from the December 5, 2024 Meeting and Court Directive**

I have also been tracking the directives from the December 5, 2024 meeting on which Your Honor has been briefed. The remaining items with which NYCPS has not complied are listed here:

1. The directive to remove language regarding loan agreements specified as required documentation
    - Following the December 5, 2024 meeting, NYCPS actually expanded upon the language in the HUHY Guide to provide more details on payments by loan. I view this as a direct contradiction to the directive given by Your Honor.
2. The directive to enhance guidance surrounding direct deposit in the HUHY Guide
    - Has not been updated
3. The directive to elaborate on the website section for "Unrepresented Families"
    - Has not been updated

**Feedback on Plaintiffs' Letter Date March 10, 2025 (Dkt. No. 378)**

1. I concur with Plaintiffs that not issuing non-implementation notices violates the LV Stipulation. However, my understanding is that NYCPS recently sent out these notices, some for orders issued more than a year ago and have since been implemented, leading to confusion among providers, advocates and potentially parents.  Going forward, non-implementation notices should be sent out at the time they become overdue, not a year later.  However, since there is still a significant backlog of implementing orders, I recommend that the newly appointed communications lead look into this issue and propose an interim solution.

2. As mentioned previously, the Plaintiffs raise the point that "it was never discussed, much less agreed to or ordered, that the DOE's new customer service platform would not be available to vendors" and that "Your Honor ordered that the DOE permit providers to submit documentation." I agree with the Plaintiffs' position and confirm that the process and communications with the public have caused confusion.

3. Advocates have reported unsatisfactory experiences interacting with SupportHub, as indicated by Plaintiffs in their letter. I appreciate Plaintiffs' valuable feedback on the usability of SupportHub for submitting authorization paperwork. Their input enabled me to raise several functional concerns with NYCPS, and I will monitor how NYCPS addresses them.

4. Regarding requiring social security numbers or individual taxpayer identification numbers (ITIN) for payment, I concur with Plaintiffs' point that NYCPS should allow for an alternate identifier for payment if a social security number or ITIN is not available. Additionally, they should only be required if they have not already been established in NYCPS's payment systems.



I am standing by should you like to discuss this further.

Yours sincerely,

David Irwin
Thru Consulting, LLC

cc:   Jeff Dantowitz, Esq.
      Rebecca Shore, Esq.
      Elizabeth Vladeck, Esq.