**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

Writer's Direct Contact
+1 (212) 336-4257
jkaufman@mofo.com

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *L.V.*, et al. *v. New York City Dep't of Educ.*, et al., Case No. 03-cv-9917

Dear Judge Preska:

We represent Plaintiffs in the above-captioned action. We write pursuant to the Stipulation and Agreement of Settlement dated as of December 11, 2007 (the "Stipulation"), to request, as remedy for the Defendants' violation of the Stipulation, that the Court (i) hold Defendants in civil contempt for the New York City Department of Education's (the "DOE") persistent failures to comply with the Stipulation and subsequent Orders of this Court and (ii) appoint a receiver to oversee the DOE's implementation of hearing orders. In accordance with your Honor's Individual Practices, we intend to file a motion seeking entry of an order setting forth the requested remedy, and we respectfully request a pre-motion conference with the parties and this Court. We anticipate that the matters to be raised in the proposed motion can be discussed at the status conference that your Honor has scheduled for September 18, 2025 (the "September 18 Conference").

Under the Stipulation, the DOE is required to meet and sustain certain performance benchmarks.[1] Plaintiffs' September 2019 memorandum of law in support of Plaintiffs' motion for the appointment of a Special Master (Dkt. No. 206) highlighted the DOE's failure to meet even the first and lowest performance benchmark, which requires timely implementation of either (i) 75% of total orders and 70% of total action items or (ii) 75% of total action items and 70% of total orders.[2] Not only has the DOE failed to improve in the almost six years since (and four years since the motion was granted), but its implementation rates have deteriorated to single digits. In the most recent quarterly audit report published by Guidehouse attached hereto as <u>Exhibit A</u>, for impartial hearing orders with a due date between October 10, 2023

---

[1] *See* Stipulation ¶¶ 4-8.

[2] *See id.* ¶ 4(a).

MORRISON FOERSTER

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

and January 8, 2024, the DOE timely implemented *merely **4.3%** of total orders and **4.9%** of total action items*.[3]

These percentages translate to over 8,000 orders and 15,000 action items that the DOE had failed to timely implement in a quarter—numbers that are not just abstract statistics, but evidence of systemic and systematic failure. Behind every single one of these unimplemented orders is a student in New York City, whose right to educational services has been delayed or denied. The DOE appears oblivious to the real and dire consequences of its failures: the delay in implementation leaves thousands of students without the support or resources they are legally entitled to under the law and exacerbates the stress and burden on these students and their families, who already face significant challenges navigating an inherently complex system.

Since the entry of the Stipulation in 2007, Your Honor issued numerous Orders to try to bring the Defendants into compliance with the Stipulation, including the Order dated July 29, 2023, implementing the Special Master's recommendations of measures the DOE must take to meet the Stipulation's benchmarks (Dkt. No. 328, the "July 19, 2023 Order"). In our prior letters to the Court dated January 22, 2025 (Dkt. No. 374) and March 10, 2025 (Dkt. No. 378), we identified specific instances of the DOE's unreasonable delays and failures to comply with its obligations under the July 19, 2023 Order and subsequent Orders, especially with respect to the specific mandates your Honor made at the status conference on December 5, 2024 (the "December 5 Conference"). In the spirit of cooperation, Plaintiffs have worked closely with the Special Master and continued to make clear that Plaintiffs are available for an open channel of communication with the DOE to assist in any way. Since the fall of 2023, the DOE has repeatedly refused to communicate with Plaintiffs' counsel; even now, the Implementation Unit and representatives of the DOE's Office of General Counsel refuse to communicate with Plaintiffs. Plaintiffs have only been able to provide feedback through the Special Master, which has been ignored by the DOE and, beginning in June 2025, the communications liaison consultant appointed pursuant to the Court's Order, whose role is narrowly tailored to overseeing and approving public-facing content, specifically focusing on the DOE's SupportHub for hearing orders related solely to payment (Dkt. No. 377), and not regarding the DOE's hearing order implementation processes or systems.

---

[3] In a limited-scope review previously agreed-upon by the parties and designed to assess the DOE's current compliance using updated data, Guidehouse audited statistics from the month of March 2025 and found that the DOE timely implemented 14.7% of total orders and 14.4% of total action items. The March 2025 report is attached hereto as **Exhibit B**. Even with advance notice of this limited review and ample opportunity to prepare, the DOE's implementation rates remain far below the first benchmark required by the Stipulation—falling short by nearly 60 percentage points, respectively.

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

We hope that at the upcoming September 18 Conference, the DOE will engage in a full and honest discussion of the need for active change in order to reach compliance with the Stipulation (Dkt. No. 386). We hope that the DOE will begin to let us participate and provide feedback more fully as the Court intended and ordered at the December 5 Conference.

But we believe that the most recent Guidehouse audit makes clear that Defendants are not only not complying with this Court's Orders, but are in complete disregard of them. To put it in legal terms, they have demonstrated repeated and comprehensive breaches of their duties of good faith and fair dealing, and their perspective that the Court's Orders are just procedural recommendations to be followed—or not—at their whim. The DOE appears to view the Stipulation and July 19, 2023 Order in the same way it viewed the rights Plaintiffs sought to enforce when this action was filed: as optional. The DOE's uncorrected, ongoing failure to comply with its obligations perpetuates harm to thousands of students, undermining both the purpose of the Stipulation and the Court's clear directives. In short: the current system of trying to help the DOE comply is not working.

Accordingly, Plaintiffs respectfully request that the Court find Defendants in civil contempt. To remedy that contempt, and to ensure that the DOE comply with their obligations under the Stipulation and the Court's Orders, we also intend to respectfully seek the following relief:

*First*, the Court should install a receiver in the Implementation Unit with authority to identify and take all appropriate steps to bring the DOE into compliance with the Stipulation and related Orders—the specific structure of such receivership to be developed by the parties with input from the Court.

*Second*, the Court should impose a daily fine of an amount the Court deems just and proper for each day after December 1, 2025, that Defendants fail to come into compliance with the Stipulation and related Orders, with such fine to be deposited into a segregated fund held by the DOE under the supervision of the Court or the receiver, once appointed. The fund should be used exclusively to support the implementation of hearing orders, including compensation to parents for the loss or delay of ordered services, and the Defendants' obligations under the Stipulation, as directed or approved by the Court.

The proposed remedy falls well within this Court's wide discretion in fashioning a remedy for civil contempt that will coerce compliance with its Orders. This Court has ongoing jurisdiction to implement and enforce the Stipulation and the subsequent Orders entered to

3

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

enforce the terms of the Stipulation, including the July 19, 2023 Order.[4]  Accordingly, Plaintiffs respectfully request that the Court find Defendants in civil contempt.  To do so, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order."  *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995).

These requirements are easily satisfied here.  Courts in this District have imposed contempt on governmental entities for comparable failures of "substantial performance and due diligence," even when such deficiencies persisted for significantly less time than in this action.  *Aspira of New York, Inc. v. Bd. of Ed. of City of New York*, 423 F. Supp. 647, 651 (S.D.N.Y. 1976) (finding contempt against Defendant Board of Education because Defendant "failed steadily and repeatedly to exercise their power and authority so that those they controlled would proceed promptly and in good faith to accomplish the tasks commanded by the consent decree," despite the consent decree having been in place for two years); *see also Nunez v. New York City Dep't of Correction*, 758 F. Supp. 3d 190, 223 (S.D.N.Y. 2024) (finding contempt against Defendant Department of Correction based on Defendant's "ongoing failure to comply with nine years of Court orders").

*First*, there is no dispute regarding Defendants' obligations under the Court's Orders, including the Stipulation and the July 19, 2023 Order.  In 2008, the Court approved the Stipulation, which was voluntarily entered into by Defendants and established clear implementation benchmarks.  Since that time, in every filing, communication and hearing before the Court, the DOE has affirmed its understanding that it must meet and maintain the agreed-upon benchmarks in order to exit the Stipulation, and that the obligations under the July 19, 2023 Order are necessary to meeting the implementation benchmarks.

*Second*, there is clear and convincing evidence that Defendants have failed to fulfill their obligations under the Stipulation (and many of the subsequent Orders seeking to enforce the Stipulation, including the July 19, 2023 Order and the Court's Order at the December 5 Conference).  **In the *18 years* since the Stipulation was entered, Defendants have never, at any point, been in compliance**.  Notably, in April 2021, the Court appointed the Special Master in recognition of the DOE's long-running failures and intended his appointment to reverse the entrenched pattern of non-compliance (Dkt. 270).  Yet, the involvement of the Special Master has not led to significant improvement in the rates of timely implementation of hearing orders.[5]  As for the July 19, 2023 Order, which was designed to refresh the DOE's

---

[4] *See* Stipulation ¶ 47.

[5] In the first quarter since the Special Master's appointment between April 13, 2021 and July 12, 2021, the DOE timely implemented 6.8% of total orders and 6.3% of total action items.  Between then and the quarter ending in January 8, 2024, the DOE has never been able to implement either more than 10% of total orders or more

MORRISON FOERSTER

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

technological, process, and system capabilities in order to meet the implementation benchmarks, Defendants have fulfilled 41% of its obligations thereunder as of July 8, 2025. Defendants' unfulfilled obligations as detailed in the Special Master's July 2025 report (the "July 2025 Report") are so numerous that they cannot be fully set forth in this letter (Dkt. Nos. 383). Despite all of the unfulfilled obligations being past due since at least January 2025, the DOE only fulfilled *two* such overdue obligations during the four months between March and July 2025. In addition, although the Court ordered and the DOE committed to steps that would further its compliance with the July 19, 2023 Order at the December 5 Conference, the Special Master's most recent letter to your Honor dated April 1, 2025 also listed several such action items that the DOE has not performed to this day (Dkt. No. 382).

*Finally*, Defendants have made no effort to demonstrate an inability to comply with the terms of the Stipulation, which were, again, the product of the DOE's voluntary settlement. Respectfully, this is not rocket science. As recently as during the December 5 Conference, the Court encouraged representatives of the DOE to raise any compliance concerns with its obligations under the July 19, 2023 Order and request assistance from the Court, if needed. The DOE did not do so, during the conference or afterward. The DOE has continued to fail to comply with many of the July 23, 2023 Orders and the Order issued at the December conference —including the simple obligation of seeking input from Plaintiffs' counsel before launching its SupportHub platform—without justification. Accordingly, Defendants should be held in civil contempt.

Despite the Special Master's investigation into the causes of the DOE's delays in hearing order implementation and recommendations on the steps the DOE needs to take to address those delays, the DOE has not adopted those recommendations. Indeed, in the July 2025 Report that the Special Master filed with the Court, the Special Master noted that in connection with at least four of the obligations in the July 19, 2023 Order, the DOE has not responded to the Special Master's inquiries and requests *for more than one year*.[6] These include, among others, obligations to draft a Standard Operating Procedures Manual for the LV Payment and Service Guidelines for Implementation Unit staff, design a professional development series on order implementation for DOE staff, establish policy regarding the provision of ordered nursing services and update training materials to reflect the changed policies and business rules that were ordered—key process changes that are not dependent

---

than 8% of total action items on a quarterly basis. In fact, with the exception of a single quarter between April 11, 2023 and July 10, 2023, the DOE has not implemented more than **6%** of either total orders or total action items in *any* quarter.

[6] *See* July 2025 Report at 20 (Obl. #20), 22 (Obl. #30), 32 (Obl. #19), 38 (Obl. #37).

5

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

upon technology upgrades.[7] The Special Master also has expressed the belief that he does not have the authority to require the DOE to take any actions.

It is well-established in this Circuit that the "primary purpose" of a finding of civil contempt, and the "imposition of related remedies," is "to coerce the contemnor into future compliance and to remedy past non-compliance." *Nunez*, 758 F. Supp. 3d at 222 (collecting cases). The DOE's ongoing and persistent failure to comply with the Stipulation and related Orders in the past eighteen years "requires a streamlined remedy that is narrowly tailored" to achieve compliance. *Id.* at 223; *see Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) ("To the extent that a contempt sanction is coercive, the court has 'broad discretion to design a remedy that will bring about compliance.'") (quoting *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)). Given the DOE's lack of incentive to act upon the Special Master's recommendations, Plaintiffs believe that the imposition of a court-appointed receiver over the implementation system, combined with financial sanctions, as we describe above, is necessary and the only remedy that will effect timely improvement.

To be clear, we welcome the opportunity to fully participate in the discussion that the Court has ordered for the September 18 Conference, and hope that the conference will motivate Defendants to expeditiously perform the already past-due ordered obligations. We will do everything we can to help the DOE come into compliance if they let us, all with the goal of ensuring students receive their ordered services more timely. But the Stipulation was entered almost 18 years ago, and the DOE's rates for hearing order implementation have decreased from then. At this point, the DOE requires additional incentive to come into compliance with the Court's Orders. We hope the relief we intend to seek will focus the DOE on the need to devote the resources and effort to comply prior to December of this year.

We are available to discuss the anticipated motion at the Court's convenience, including at a time prior to the September 18 Conference if the Court believes that is appropriate.

[*Signature page follows*]

---

[7] *See id.*; July 19, 2023 Order ¶¶ 19, 20, 30, 37.

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

Dated: August 11, 2025

Respectfully,

*/s/ Jessica Kaufman*
**MORRISON & FOERSTER LLP**
Michael B. Miller
Jessica Kaufman
Donghao (Helen) Yan
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: MBMiller@mofo.com
        JKaufman@mofo.com
        HYan@mofo.com

*Co-Counsel for Plaintiffs*

-and-

**ADVOCATES FOR CHILDREN OF NEW YORK**
Rebecca Shore
151 West 30th Street, 5th Floor
New York, NY 10001
Telephone: (212) 822-9574
Email: rshore@advocatesforchildren.org

*Co-Counsel for Plaintiffs*

cc: All Counsel of Record (via ECF)