**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

Writer's Direct Contact
+1 (212) 336-4257
jkaufman@mofo.com

August 15, 2025

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *L.V.,* et al. *v. New York City Dep't of Educ.*, et al., Case No. 03-cv-9917

Dear Judge Preska:

We write on behalf of Plaintiffs[1] pursuant to your Honor's Individual Practices in response to Defendants' letter dated August 14, 2025 (Dkt. No. 388).[2] The bottom line is simple: the DOE has not fulfilled 59% of the obligations that your Honor ordered on July 19, 2023, and is nowhere close to reaching compliance with even the first benchmark under the Stipulation of Settlement, dated December 11, 2007. Despite the DOE's claims of "dramatic" improvement, the hard data tells a different story: the DOE remains in "dramatic" noncompliance, 18 years after entering into the Stipulation, while thousands of students continue—still—to be denied the timely services and payments to which they are legally entitled. Moreover, since Plaintiffs filed the opening letter with the Court, we learned that the DOE has also acted in direct contravention of your Honor's February 20, 2025 Order regarding a communications consultant (Dkt. No. 377).

Among other things, Defendants tout a "600% increase" in the DOE's timely implemented payment orders, without showing their math or any underlying data. Defendants' letter echoes the same flawed arguments they had made to the Court in 2010 and again in 2019 to oppose the appointment of a Special Master, when Plaintiffs explained why their proposed calculations were wrong. But even accepting these statements as correct—which, to be clear, Plaintiffs do not—the alleged "dramatic" improvement represents an increase from approximately _1%_ in 2024 to only _7%_ in March 2025. That translates to **just _32_ payment**

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Plaintiffs' letter to this Court, dated August 11, 2025 (Dkt. No. 387).

[2] Plaintiffs' August 11, 2025 letter was filed pursuant to the Stipulation to seek remedies for Defendants' violations, as expressly permitted under its terms. With respect to your Honor's Individual Practices, we note that Defendants' response letter also exceeded the required word limit.

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

**orders**, meaning that the DOE on average timely implemented approximately **_1.5_ payment orders per business day in the month of March 2025**. The first and *lowest* benchmark set forth in the Stipulation requires a **70% implementation rate of all orders**. No matter how creative Defendants choose to be with their math, the DOE should be reminded that raising timely implementation from 7% to 70% would require an improvement well in excess of 600% going forward. Even after all this time, there is no evidence that the DOE is on track to do so.

Moreover, Defendants rely on internal data (*e.g.,* non-DAITS "outreach" attempts and "internal performance metrics") to claim improvements to payment—data that neither the Independent Auditor nor Plaintiffs have ever received or had any opportunity to review, much less validate or confirm that the purported "outreach" meets the requirements of the Stipulation. It is worth noting at the outset that the figures cited by the DOE are *not* proof of actual payment. Instead, the Stipulation provides a very limited exception to the DOE's obligation to timely pay for ordered services when the DOE has conducted "substantial attempts" of outreach to obtain specific information needed for payment. At the initiation of the Stipulation, the Independent Auditor defined the requirements for "substantial attempts" after briefing by the parties, whereby three separate outreaches to the parent *and* the provider over multiple days may qualify for the "substantial attempts" exception to actual payment. Defendants' argument seems to rest on the proposition that their internal data would demonstrate additional instances where this exception has been met, rather than evidence of actual payment to parents or providers, and they ask the Court to consider this very narrow loophole in the Stipulation as support for "dramatic" improvement in the DOE's implementation. Plaintiffs do not agree with this characterization.[3]

Nor has the DOE made any genuine effort to comply with other Orders of this Court. In addition to the numerous examples cited in Plaintiffs' opening letter, we have learned of new violations. On February 20, 2025, the Court ordered the DOE to "onboard an individual . . . with demonstrated expertise in communications from outside the Office of the General Counsel to assume responsibility for the communications functions of the Implementation Unit." (Dkt. No. 377.). After much delay, the communications consultant met with Plaintiffs' counsel on two occasions. During the meeting in July, the consultant stated that he would be finishing a report to share with Plaintiffs' counsel in August. On August 12, 2025, Plaintiffs' counsel joined a scheduled conference call with the DOE's Court-ordered communications consultant. The consultant never appeared and no notice of cancellation was provided. After prompting by the Special Master, Defendants' counsel informed us for the first time on August 14, 2025 that the consultant was no longer employed by the DOE as of the previous week—in direct violation of the February 20, 2025 Order. Plaintiffs promptly followed up, requesting

---

[3] In any event, despite claiming that they seek to act collaboratively, Defendants withheld such information from both the Independent Auditor and Plaintiffs during the Independent Auditor's review period. They cannot suggest that the Independent Auditor or Plaintiffs declined to consider data that has never been made available.

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

the DOE's "plan and timeline for complying with the Court's February 20, 2025 Order [] going forward and the Court's order for the Communications Lead to appear at the September 18, 2025 conference." Defendants did not respond despite follow up requests from Plaintiffs' counsel. The February 20, 2025 Order required the DOE to appoint a communications expert, yet the DOE did not onboard the consultant until approximately June 2025. Now, barely two months later, the DOE has already ended its work with that individual.[4] This is just one example of the DOE's ongoing pattern of treating Court Orders as optional, which is what has prompted Plaintiffs to ask the Court to compel compliance.

The DOE has provided no factual information to Plaintiffs and continues to refuse to respond to Plaintiffs' inquiries and concerns. Plaintiffs therefore respectfully submit that Defendants have presented no verifiable basis to conclude that additional remedies are unnecessary, and reiterate their request for a pre-motion conference to seek leave to file a motion for entry of an order setting forth the requested relief.

[*Signature page follows*]

---

[4] It is particularly telling that, as the debacle with the communications consultant unfolds in real time, Defendants continue to assert in their August 14, 2025 letter that they "remain committed towards progress and to continue collaborating with Plaintiffs' counsel using all viable and appropriate channels of communication, including through . . . the LV Communications Advisor." Yet, as the circumstances have made apparent, Defendants' professed commitment exists only in their communications with the Court, and not in any meaningful form in their actual dealings with Plaintiffs.

3

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

Dated: August 15, 2025

Respectfully,

**MORRISON & FOERSTER LLP**
Michael B. Miller
Jessica Kaufman
Donghao (Helen) Yan
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: MBMiller@mofo.com
       JKaufman@mofo.com
       HYan@mofo.com

*Co-Counsel for Plaintiffs*

-and-

**ADVOCATES FOR CHILDREN OF NEW YORK**
Rebecca Shore
151 West 30th Street, 5th Floor
New York, NY 10001
Telephone: (212) 822-9574
Email: rshore@advocatesforchildren.org

*Co-Counsel for Plaintiffs*

cc: All Counsel of Record (via ECF)